# EXHIBIT A



NATIONAL
IMMIGRATION
LAW CENTER

April 24, 2014

*Via Email and Certified Mail/Return Receipt*

Karen Neuman
Chief Privacy Officer/Chief FOIA Officer
THE PRIVACY OFFICE
U.S. Department of Homeland Security
245 Murray Lane SW, Stop-0655
Washington, D.C. 20528-0655
Email:  foia@hq.dhs.gov

Catrina Pavlik-Keenan
FOIA Officer
U.S. Immigration and Customs Enforcement
FREEDOM OF INFORMATION ACT OFFICE
500 12th Street, SW, Stop 5009
Washington, D.C. 20536-5009
Email:  ice-foia@dhs.gov

## Re:  Request under the Freedom of Information Act (FOIA)

Dear FOIA Officers:

The National Immigration Law Center ("NILC"), the Requester, makes this request to the Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE") for information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., for records pertaining to information sharing between state driver's license agencies and DHS or ICE for immigration enforcement purposes.

## I. Background

Eleven states, plus the District of Columbia and Puerto Rico, have enacted laws making individuals eligible for driver's licenses or driving privilege cards regardless of immigration status.  They have determined that issuance of licenses regardless of immigration status is essential to protecting public safety.[1]  Eight such laws were enacted just in 2013.  The numbers of persons expected to apply for licenses under the new laws is substantial.  In California alone about 1.4 million persons are expected to apply.[2]

---

[1] See, e.g., section 1 of AB 60, enacted in California in 2013, http://www.leginfo.ca.gov/pub/13-14/bill/asm/ab_0051-0100/ab_60_bill_20130912_amended_sen_v93.pdf.

[2] Ian Lovett, "California Driver's License Program Hits and Unexpected Hurdle," *The New York Times*, March 4, 2014, http://www.nytimes.com/2014/03/05/us/california-drivers-license-program-hits-an-unexpected-snag.html.

www.nilc.org

**LOS ANGELES (Headquarters)**
3435 Wilshire Blvd., Suite 2850
Los Angeles, CA 90010
213 639-3900
213 639-3911 fax

**WASHINGTON, DC**
1121 14th Street, NW, Suite 200
Washington, DC 20005
202 216-0261
202 216-0266 fax

10

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 2 of 7

But many immigrants fear that any information provided to state driver's license agencies will be shared with ICE, or that rogue police officers or other state employees and agents will use the fact that an individual possesses one of the licenses to call immigration authorities. At community meetings in California hosted by the Department of Motor Vehicles, participant after participant expressed fear that the new licenses could be used to deport them. As a Nevada Department of Motor Vehicles spokesman said regarding the new Nevada law, "There is a high level of distrust…People were convinced that no matter what we were saying, once we had them in our system, we would pass their information on and someone would be there to round them up."[3]

The issue is not just limited to states that issue licenses regardless of immigration status. ICE has expressed a broader intention to obtain and use state driver's license records and data for purposes of immigration enforcement. Emails obtained through a Freedom of Information Act request by the ACLU of North Carolina, indicate that the ICE Atlanta office proposed a plan in 2012, that ICE "HQ" ordered be implemented, to:

> Reach out to the Investigations Division of each state's Department of Motor Vehicles/Driver's Services Bureau to determine if:

1. A photo scrub for duplicate photos with different biographic information on file can be conducted and a list of results provided to ERO;

2. A list of denied driver license applications (focusing on those with insufficient proof of residency) can be provided to ERO;

3. A list of temporary driver licenses issued to foreign-born applicants can [sic] provided to ERO;

4. A list of any other applications containing indicators of fraud can be obtained.[4]

ICE subsequently denied implementing the plan,[5] leaving uncertainty among the public about ICE access to and use of driver's license records. ICE and DHS have not issued any reports or made available to the public information about when and under what circumstances state driver's license records and data are obtained and used.

---

[3] *Id.*

[4] http://www.documentcloud.org/documents/603861-ice-documents.html, available through Brad Heath, *Immigration Tactics Aimed at Boosting Deportations*, USA Today, Feb. 17, 2013, http://www.usatoday.com/story/news/nation/2013/02/14/immigration-criminal-deportation-targets/1919737/

[5] Brad Heath, *ICE Says It never Acted on Plans to Mine Driver Records*, USA Today, Feb. 15, 2013, http://www.usatoday.com/story/news/nation/2013/02/15/immigration-deportation-tactics/1923931/

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 3 of 7

## II. The FOIA Request

We request disclosure of records[6] that were prepared, received, transmitted, collected and/or maintained by DHS and ICE relating or referring to information sharing between state driver's license agencies (both governmental and non-governmental) and ICE for immigration enforcement purposes.  These records include, but are not limited to:

1. DHS and ICE records from January 1, 2009 to the present regarding the criteria, mechanisms, and process for ICE to gain access to or use state driver's license databases or records for immigration enforcement purposes.

2. DHS and ICE records, including but not limited to records concerning the National Law Enforcement Telecommunications System (NLETS), from January 1, 2009 to the present regarding the criteria, mechanisms, and process for DHS and ICE to obtain state driver's license records of individual driver's license applicants or license holders for immigration enforcement purposes.

3. DHS and ICE records from January 1, 2009 to the present regarding any outreach to, agreements (whether formal or informal) with, or communications by DHS and ICE with state driver's license agencies regarding identification of driver's license applicants or driver's license holders for immigration enforcement purposes.

4. DHS and ICE records from January 1, 2009 to the present regarding reporting by employees or agents of state driver's license agencies (both governmental and non-governmental) to DHS and ICE of persons who are applying for or have been issued a driver's license and whom the employees or agents suspect of lacking federal authorization to be present in the United States.

The Requester does not include in this request records related to state motor vehicle department use of the Systematic Alien Verification of Entitlements ("SAVE") system operated by United States Citizenship and Immigration Services ("USCIS") to verify the immigration status of driver's license applicants.

---

[6] The term "records" as used herein includes but is not limited to all records or communications preserved in electronic or written form, including but not limited to correspondence, including but not limited to intra-governmental correspondence, documents, data, videotapes, audio tapes, faxes, files, forms, e-mails, guidance, guidelines, evaluations, legal opinions, instructions, analyses, directives, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, technical manuals, technical specifications, training manuals, questionnaires, studies, including records kept in written form, or electronic format on computers and/or other electronic storage devices, electronic communications and/or video tapes, or any other sub- regulatory guidance.

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 4 of 7


## Waiver of Costs

We request a waiver of all costs pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) ("Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the Requester."). The public interest/benefit fee waiver provisions of the FOIA are to be "liberally construed" and are "consistently associated with requests from journalists, scholars, and non-profit interest groups who it was intended to benefit." *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of fee waivers for noncommercial requesters.'") (citation omitted); *see also* 6 C.F.R. § 5.11(k).

Further, Congress has provided that a "minimal showing" is all that is necessary for an agency to grant a FOIA fee waiver.

> [T]he legislative history . . . demonstrates that Congress intended independent researchers, journalists, and public interest watchdog groups to have inexpensive access to government records in order to provide the type of public disclosure believed essential to our society. Moreover, in the 1986 amendments to FOIA, Congress ensured that when such requesters demonstrated a minimal showing of their legitimate intention to use the requested information in a way that contributes to public understanding of the operations of government agencies, no fee attaches to their request.

*Institute for Wildlife Protection v. U.S. Fish & Wildlife Serv.*, 290 F. Supp. 2d 1226, 1232 (D. Or. 2003).

The Ninth Circuit has interpreted the requisite "minimal showing" in noting "if a non-profit organization has 'identified why they wanted the administrative record, what they intended to do with it, to whom they planned on distributing it, and the [relevant] expertise of their membership,' then a waiver is appropriate." *Ctr. For Biological Diversity v. Office of Mgmt. & Budget*, 546 F. Supp. 2d 722, 727 (N.D. Cal. 2008) (quoting *Friends of the Coast Fork v. U.S. Dep't of the Interior*, 110 F.3d 53, 55 (9th Cir. 1997)).

NILC is a nonprofit national legal advocacy organization that engages in policy analysis, advocacy, education, and litigation to promote and advance the rights of low-income immigrants and their families. NILC serves as an important resource to a broad range of immigrant advocacy groups, community organizations, legal service organizations, and the general public. As a part of its work, NILC disseminates information to the public through electronic newsletters, news alerts, issue briefs, trainings, and other educational and informational materials. In addition, NILC disseminates information to individuals, tax-exempt organizations,

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 5 of 7

not-for-profit groups, and members through its website at http://www.nilc.org.
NILC has done extensive work for many years in preparing and disseminating research, fact sheets, analyses, toolkits, comments on regulations, and opinion pieces about state and federal driver's license issues and the interplay with immigration enforcement. In recognition of NILC's expertise on driver's license issues, DHS appointed a NILC staff attorney to the Negotiated Rulemaking Advisory Committee on Minimum Standards for Driver's Licenses and Personal Identification Cards authorized by section 7212 of the Intelligence Reform and Terrorism Prevention Act of 2004. NILC devotes a significant portion of its website to state and federal driver's license issues and the relationship with immigration enforcement. *See* http://nilc.org/driverlicenses.html.

It is NILC's intent to synthesize and disseminate the information produced by this FOIA request in a manner that is accessible to a broad public audience. NILC has synthesized and disseminated information from prior FOIA requests in the past to facilitate the sharing of this information with a broad public audience. *See* Deportation Without Due Process, report by NILC, Western State Immigration Clinic & Stanford Law School Immigrants' Rights Clinic summarizing 20,000 pages of FOIA documents, available at http://nilc.org/pubs.html.

The records requested are not sought for commercial use, and the Requester, a non-profit organization, plans to disseminate the disclosed information to the public at no cost. *See* 6 C.F.R. § 5.11(k). Disclosure of the requested records is likely to contribute significantly to public understanding of the operations and activities of the government regarding access to and use of state driver's license records in immigration enforcement. The requested information is of great interest to the public at large, but it is not available in the public domain.

NILC has the capacity, intent, and legal expertise to review, analyze, and synthesize the requested information and make it accessible to a broad public audience. Public education is a cornerstone of NILC's work. NILC uses many approaches in disseminating information for the public's benefit, including sharing information with local, regional and national media through press releases and media interviews, publishing reports and memoranda through internet websites and email to individuals and organizations working on immigration issues, and creating and disseminating materials to educate the public about federal immigration laws and policies. NILC's website receives nearly 6,500 visits per day, and many visitors actively download our reports, brochures, and fact sheets. NILC's email listserv has about 18,000 subscribers. NILC will post at least a summary of the information obtained through this FOIA on its website. NILC also has regular contact with national print and news media and plans to share information gleaned from FOIA disclosures with interested media.

For all of these reasons, disclosure of the requested records is required by the FOIA and a total fee waiver is justified. If the fee waiver request is denied, while reserving our right to appeal the denial, we will pay fees up to $25.00. If you estimate that the fees will exceed this limit, please

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 6 of 7

inform us.

## IV. Limitation of Processing Fees and Waiver of Search and Review Fees

In the event that the request for waiver of all costs is denied, we request a limitation of processing fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) ("fees shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by ... a representative of the news media ..."). One of NILC's primary functions is to analyze, synthesize, and disseminate information to the public just as the news media does. Notably, a non-profit organization such as the Requester is routinely deemed to be a representative of the news media under this portion of the FOIA. *See, e.g.*, *ACLU of Washington v. Dept. of Justice*, 2011WL 887731, *10 (W.D. Wash. 2011). In fact, NILC is frequently the primary reporter to the public about important changes and developments in immigration laws and government policies. *See, e.g.*, Karen Tumlin et al., A Broken System: Confidential Reports Reveal Failure in U.S. Immigration Detention Centers (July 2009), available at http://nilc.org/pubs.html; *see also* http://www.nilc.org/newsreleases.html (News releases and NILC statements informing the public about new developments). The information requested under the FOIA here is not sought for a commercial purpose as it is the Requester's intent to synthesize and disseminate the information received through this FOIA request to a broad public audience.

## V. Request for Expedited Processing

Expedited processing is warranted because there is "an urgency to inform the public about an actual or alleged federal government activity" by organizations "primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II). This request implicates a matter of urgent public concern, namely, the use of state driver's licenses records and data for immigration enforcement. There is "an urgency to inform the public" about this government activity because the possibility that information provided to driver's license agencies may discourage eligible persons from applying for licenses. Obtaining a driver's license is a matter of public safety.

## VI. Request for Release of All Responsive Records

We believe that all of the records requested are subject to disclosure, and we request prompt processing and release of this information. We also request a complete list of documents covered by the request. We expect that all records will be provided in complete form. To the extent that any requested records are marked classified or withheld subject to FOIA exemptions, please redact only the necessary portions of those records and immediately provide us with the remaining portions. If any records are withheld, please state the exemption applied to withhold the documents and provide a list of the withheld records. If you deny this request in whole or in part, please provide a written explanation for that denial, including reference to the specific

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 7 of 7

statutory provisions upon which you rely, and notify us of appeal procedures available under the law.

**VII. Conclusion**

We look forward to a written response to this FOIA Request by the close of the statutory time period, which is within 20 working days of your receipt of this letter. *See* 5 U.S.C. § 552(a)(6)(A)(ii). Without waiving any other appeal rights, we reserve the right to appeal a constructive denial of this Request as well as decisions to deny expedited processing, to withhold any information, to deny a waiver of fees, or to deny a limitation of processing fees. We also reserve the right to challenge the adequacy of the search for responsive documents and any redactions in the materials produced in response to this request. Please provide us responsive documents as soon as they are identified. If you have any questions, please contact me at tumlin@nilc.org or (213) 674-2850.

Sincerely,

/s/ Karen C. Tumlin
Karen C. Tumlin
Managing Attorney
NATIONAL IMMIGRATION LAW CENTER

KCT:ba

cc:  Tanya Broder, Esq.
     Joan Friedland, Esq.

16

# EXHIBIT B

U.S. Department of Homeland Security
Washington, DC 20536-5009



**U.S. Immigration
and Customs
Enforcement**

April 30, 2014

KAREN TUMLIN
NATIONAL IMMIGRATION LAW CENTER
3435 WILSHIRE BLVD, STE. 2850
LOS ANGELES, CA  90010

**Re: 2014FOIA16276**

Dear Ms. Tumlin:

This acknowledges receipt of your April 24, 2014 Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement(ICE),  seeking records pertaining to information sharing between state driver's license agencies and DHS or ICE for immigration enforcement purposes.

The issue is not just limited to states that issue licenses regardless of immigration status. ICE has expressed a broader intention to obtain and use state driver's license records and data for purposes of immigration enforcement. E-mails obtained through a Freedom of Information Act request by the ACLU of North Carolina, indicate that the ICE Atlanta office proposed a plan in 2012, that ICE "HQ" ordered be implemented, to:
Reach out to the Investigations Division of each state's Department of Motor Vehicles/Driver's Services Bureau to determine if:
1. A photo scrub for duplicate photos with different biographic information on file can be conducted and a list of results provided to ERO;
2. A list of denied driver license applications (focusing on those with insufficient proof of residency) can be provided to ERO;
3. A list of temporary driver licenses issued to foreign-born applicants can [sic] provided to ERO;
4. A list of any other applications containing indicators of fraud can be obtained

Request disclosure of records that were prepared, received, transmitted, collected and/or maintained by DHS and ICE relating or referring to information sharing between state driver's license agencies (both governmental and non-governmental) and ICE for immigration enforcement purposes. These records include, but are not limited to:
1. DHS and ICE records from January I, 2009 to the present regarding the criteria, mechanisms, and process for ICE to gain access to or use state driver's license databases or records for immigration enforcement purposes.
2. DHS and ICE records, including but not limited to records concerning the National Law Enforcement Telecommunications System (NLETS), from January 1, 2009 to the present regarding the criteria, mechanisms, and process for DHS and ICE to obtain state driver's

(4) Whether the contribution to public understanding of government operations or activities will be "significant;"

(5) Whether the requester has a commercial interest that would be furthered by the requested disclosure; and

(6) Whether the magnitude of any identified commercial interest to the requestor is sufficiently large in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requestor.

As a requester, you bear the burden under the FOIA of showing that the fee waiver requirements have been met. Based on my review of your April 24, 2014 letter and for the reasons stated herein, I have determined that your fee waiver request is deficient because you failed to meet factors 3, 4, 5 and 6 Since your request for a fee waiver has failed to satisfy each of the required factors, I am denying your fee waiver request.

Provisions of the Act allow us to recover part of the cost of complying with your request. We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requestors. As a non-commercial requestor you will be charged 10-cents a page for duplication, although the first 100 pages are free, as are the first two hours of search time, after which you will pay the per quarter-hour rate ($4.00, $7.00, $10.25) of the searcher. We will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.

You have the right to appeal the determination to deny your fee waiver request. Should you wish to do so, you must **send your appeal within 60 days of the date of this letter to**: Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528, following the procedures outlined in Subpart A, Section 5.9, of the DHS Regulations. Your envelope and letter should be marked "Freedom of Information Act Appeal." The implementing Department regulations establish the criteria under which the FOIA is administered. Copies of the FOIA and regulations are available at www.DHS.gov.

Your request has been assigned reference number **2014FOIA16276**. Please refer to this identifier in any future correspondence. If you have any questions, or would like to discuss this matter, please feel free to contact this office at (866) 633-1182.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

U.S. Department of Homeland Security
Washington, DC 20536-5009



**U.S. Immigration
and Customs
Enforcement**

April 30, 2014

KAREN TUMLIN
NATIONAL IMMIGRATION LAW CENTER
3435 WILSHIRE BLVD, STE. 2850
LOS ANGELES, CA  90010

**Re: 2014FOIA16276**

Dear Ms. Tumlin:

This acknowledges receipt of your April 24, 2014, Freedom of Information Act (FOIA) request to the Immigration and Customs Enforcement (ICE), for records pertaining to information sharing between state driver's license agencies and DHS or ICE for immigration enforcement purposes.

The issue is not just limited to states that issue licenses regardless of immigration status. ICE has expressed a broader intention to obtain and use state driver's license records and data for purposes of immigration enforcement. E-mails obtained through a Freedom of Information Act request by the ACLU of North Carolina, indicate that the ICE Atlanta office proposed a plan in 2012, that ICE "HQ" ordered be implemented, to:
Reach out to the Investigations Division of each state's Department of Motor Vehicles/Driver's Services Bureau to determine if:
1. A photo scrub for duplicate photos with different biographic information on file can be conducted and a list of results provided to ERO;
2. A list of denied driver license applications (focusing on those with insufficient proof of residency) can be provided to ERO;
3. A list of temporary driver licenses issued to foreign-born applicants can [sic] provided to ERO;
4. A list of any other applications containing indicators of fraud can be obtained

Request disclosure of records that were prepared, received, transmitted, collected and/or maintained by DHS and ICE relating or referring to information sharing between state driver's license agencies (both governmental and non-governmental) and ICE for immigration enforcement purposes. These records include, but are not limited to:
1. DHS and ICE records from January 1, 2009 to the present regarding the criteria, mechanisms, and process for ICE to gain access to or use state driver's license databases or records for immigration enforcement purposes.
2. DHS and ICE records, including but not limited to records concerning the National Law Enforcement Telecommunications System (NLETS), from January 1, 2009 to the present regarding the criteria,

**19**

mechanisms, and process for DHS and ICE to obtain state driver's
license records of individual driver's license applicants or license holders for immigration enforcement
purposes.

3. DHS and ICE records from January I, 2009 to the present regarding any outreach to, agreements
(whether formal or informal) with, or communications by DHS and ICE with state driver's license agencies
regarding identification of driver's license applicants or driver' s license holders for immigration
enforcement purposes.

4. DHS and ICE records from January 1, 2009 to the present regarding reporting by employees or agents of
state driver's license agencies (both governmental and non governmental) to DHS and ICE of persons who
are applying for or have been issued a driver's license and whom the employees or agents suspect of lacking
federal authorization to be present in the United States.  Your request was received in this office on April
28, 2014.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in
processing your request.  Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, the Department
processes FOIA requests according to their order of receipt. Although DHS' goal is to respond within 20
business days of receipt of your request, the FOIA does permit a 10-day extension of this time period. As
your request seeks numerous documents that will necessitate a thorough and wide-ranging search, DHS will
invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. § 552(a)(6)(B). If you care to
narrow the scope of your request, please contact our office.  We will make every effort to comply with your
request in a timely manner; however, there are currently 1252 open requests ahead of yours.

Provisions of the Act allow us to recover part of the cost of complying with your request. We shall charge
you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial
requesters. As a non-commercial requester you will be charged 10-cents a page for duplication, although
the first 100 pages are free, as are the first two hours of search time, after which you will pay the quarter-
hour rate ($4.00, $7.00, $10.25) of the searcher. We will construe the submission of your request as an
agreement to pay up to $25.00.  You will be contacted before any further fees are accrued.

We have queried the appropriate program offices within ICE for responsive records.  If any responsive
records are located, they will be reviewed for determination of releasability.  Please be assured that one of
the processors in our office will respond to your request as expeditiously as possible.  We appreciate your
patience as we proceed with your request.

Your request has been assigned reference number **2014FOIA16276**.  Please refer to this identifier in any
future correspondence.  You may contact this office at (866) 633-1182.  Our mailing address is 500 12th
Street, S.W., Stop 5009, Washington, D.C. 20536-5009.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

**20**

U.S. Department of Homeland Security
Washington, DC 20536



U.S. Immigration
and Customs
Enforcement

April 30, 2014

KAREN TUMLIN
NATIONAL IMMIGRATION LAW CENTER
3435 WILSHIRE BLVD, STE. 2850
LOS ANGELES, CA  90010

**Re: 2014FOIA16276**

Dear Ms. Tumlin:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the
U.S. Immigration and Customs Enforcement(ICE), dated April 24, 2014, and to your request for a waiver of
all assessable FOIA fees.  Your request was received in this office on April 28, 2014.  Specifically, you
requested records pertaining to information sharing between state driver's license agencies and DHS or ICE
for immigration enforcement purposes.

The issue is not just limited to states that issue licenses regardless of immigration status. ICE has expressed a
broader intention to obtain and use state driver's license records and data for purposes of immigration
enforcement. E-mails obtained through a Freedom of Information Act
request by the ACLU of North Carolina, indicate that the ICE Atlanta office proposed a plan in 2012, that
ICE "HQ" ordered be implemented, to:
Reach out to the Investigations Division of each state's Department of Motor Vehicles/Driver's Services
Bureau to determine if:
1. A photo scrub for duplicate photos with different biographic information on file can be conducted and a list
of results provided to ERO;
2. A list of denied driver license applications (focusing on those with insufficient proof of residency) can be
provided to ERO;
3. A list of temporary driver licenses issued to foreign-born applicants can [sic] provided to ERO;
4. A list of any other applications containing indicators of fraud can be obtained

Request disclosure of records that were prepared, received, transmitted, collected and/or maintained by DHS
and ICE relating or referring to information sharing between state driver's license agencies (both
governmental and non-governmental) and ICE for immigration
enforcement purposes. These records include, but are not limited to:
1. DHS and ICE records from January 1, 2009 to the present regarding the criteria, mechanisms, and process

**21**

for ICE to gain access to or use state driver's license databases or records for immigration enforcement purposes.

2. DHS and ICE records, including but not limited to records concerning the National Law Enforcement Telecommunications System (NLETS), from January 1, 2009 to the present regarding the criteria, mechanisms, and process for DHS and ICE to obtain state driver's license records of individual driver's license applicants or license holders for immigration enforcement purposes.

3. DHS and ICE records from January I, 2009 to the present regarding any outreach to, agreements (whether formal or informal) with, or communications by DHS and ICE with state driver's license agencies regarding identification of driver's license applicants or driver' s license holders for immigration enforcement purposes.

4. DHS and ICE records from January 1, 2009 to the present regarding reporting by employees or agents of state driver's license agencies (both governmental and non governmental) to DHS and ICE of persons who are applying for or have been issued a driver's license and whom the employees or agents suspect of lacking federal authorization to be present in the United States.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request.  Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, the Department processes FOIA requests according to their order of receipt.  Although DHS' goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10-day extension of this time period.  As your request seeks numerous documents that will necessitate a thorough and wide-ranging search, DHS will invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. § 552(a)(6)(B).  If you care to narrow the scope of your request, please contact our office. We will make every effort to comply with your request in a timely manner; however, there are currently 1252 open requests ahead of yours.

As it relates to your fee waiver request, I have reviewed your letter thoroughly and have determined that you have not presented a convincing argument that NATIONAL IMMIGRATION LAW CENTER is entitled to a blanket waiver of fees.

The DHS FOIA Regulations, 6 CFR § 5.11(k)(2), set forth six factors to examine in determining whether the applicable legal standard for a fee waiver has been met.  We will consider these factors in our evaluation of your request for a fee waiver:

> (1) Whether the subject of the requested records concerns "the operations or activities of the government;"
> (2) Whether the disclosure is "likely to contribute" to an understanding of government operations or activities;
> (3) Whether disclosure of the requested information will contribute to the understanding of the public at large, as opposed to the individual understanding of the requestor or a narrow segment of interested persons;

license records of individual driver's license applicants or license holders for immigration enforcement purposes.

3. DHS and ICE records from January 1, 2009 to the present regarding any outreach to, agreements (whether formal or informal) with, or communications by DHS and ICE with state driver's license agencies regarding identification of driver's license applicants or driver's license holders for immigration enforcement purposes.

4. DHS and ICE records from January 1, 2009 to the present regarding reporting by employees or agents of state driver's license agencies (both governmental and non governmental) to DHS and ICE of persons who are applying for or have been issued a driver's license and whom the employees or agents suspect of lacking federal authorization to be present in the United States.  Your request was received in this office on April 28, 2014.

As it relates to your request for expedited treatment, your request is denied.

Under the DHS FOIA regulations, expedited processing of a FOIA request is warranted if the request involves "circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual," 6 C.F.R. § 5.5(d)(1)(i), or "an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information," 6 C.F.R. § 5.5(d)(l)(ii).  Requesters that seek expedited processing must submit a statement explaining in detail the basis for the request, and that statement must be certified by the requester to be true and correct.  6 C.F.R. § 5.5(d)(3).

Your request for expedited processing is denied because you do not qualify for either category. You failed to demonstrate a particular urgency to inform the public about the government activity involved in the request beyond the public's right to know about government activity generally.  Your letter was conclusory in nature and did not present any facts to justify a grant of expedited processing under the applicable standards.

If you deem the decision to deny expedited treatment of your request an adverse determination, you may exercise your appeal rights.  Should you wish to do so, you must send your appeal and a copy of this letter within 60 days of receipt of this letter to:  Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528, following the procedures outlined in Subpart A, Section 5.9, of the DHS Regulations.  Your envelope and letter should be marked "Freedom of Information Act Appeal."  Copies of the DHS regulations are available at:  www.dhs.gov/foia.

We will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.

We have queried the appropriate component of ICE for responsive records.  If any responsive records are located, they will be reviewed for determination of releasability.  Please be assured that one of the processors in our office will respond to your request as expeditiously as possible.  We appreciate your patience as we proceed with your request.

Your request has been assigned reference number **2014FOIA16276'**.  Please refer to this identifier in any future correspondence.

You may contact this office at (866) 633-1182.  Our mailing address is 500 12th Street, S.W., Stop 5009, Washington, D.C. 20536-5009.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

# EXHIBIT C



U.S. Department of Homeland Security
Washington, DC 20528

# Homeland Security

*Privacy Office, Mail Stop 0655*

May 12, 2014

**SENT VIA E-MAIL TO:  tumlin@nilc.org**

Karen C. Tumlin
Managing Attorney
National Immigration Law Center
3435 Wilshire Blvd., Suite 2850
Los Angeles, CA 90010

Re:  **2014-HQFO-00490**

Dear Ms. Tumlin:

This letter acknowledges receipt of your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), dated April 24, 2014, and to your request for expedited handling and a waiver of all assessable FOIA fees.  Our office received your request on May 01, 2014.  Specifically, you requested 1. DHS and ICE records from January 1, 2009 to the present regarding the criteria, mechanisms, and process for ICE to gain access to or use state driver's license databases or records for immigration enforcement purposes; 2. DHS and ICE records, including but not limited to records concerning the National Law Enforcement Telecommunications System (NLETS), from January 1, 2009 to the present regarding the criteria, mechanisms, and process for DHS and ICE to obtain state driver's license records of individual driver's license applicants or license holders for immigration enforcement purposes; 3. DHS and ICE records from January 1, 2009 to the present regarding any outreach to, agreements (whether formal or informal) with, or communications by DHS and ICE with state driver's license agencies regarding identification of driver's license applicants or driver's license holders for immigration enforcement purposes, 4. DHS and ICE records from January 1, 2009 to the present regarding reporting by employees or agents of state driver's license agencies (both governmental and non-governmental) to DHS and ICE of persons  who are applying for or have been issued a driver's license and whom the employees or agents suspect of lacking federal authorization to be present in the United States.

As it relates to your request for expedited treatment, your request is denied.

Under the DHS FOIA regulation, expedited processing of a FOIA request is warranted if the request involves "circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual," 6 C.F.R. § 5.5(d)(1)(i), or "an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information," 6 C.F.R. §

**25**

5.5(d)(l)(ii).  Requesters that seek expedited processing must submit a statement explaining in detail the basis for the request, and that statement must be certified by the requester to be true and correct.  6 C.F.R. § 5.5(d)(3).

Your request for expedited processing is denied because you do not qualify for either category. You failed to demonstrate a particular urgency to inform the public about the government activity involved in the request beyond the public's right to know about government activity generally.  Your letter was conclusory in nature and did not present any facts to justify a grant of expedited processing under the applicable standards.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request.  Consistent with 6 C.F.R. § 5.5(a) of the DHS FOIA regulations, the Department processes FOIA requests according to their order of receipt. Although DHS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances.  As your request seeks documents that will require a thorough and wide-ranging search, DHS will invoke a 10-day extension for your request pursuant to 5 U.S.C. § 552(a)(6)(B).  If you would like to narrow the scope of your request, please contact our office.  We will make every effort to comply with your request in a timely manner.

You have requested a fee waiver.  The DHS FOIA Regulations at 6 CFR § 5.11(k)(2) set forth six factors DHS must evaluate to determine whether the applicable legal standard for a fee waiver has been met:  (1) Whether the subject of the requested records concerns "the operations or activities of the government," (2) Whether the disclosure is "likely to contribute" to an understanding of government operations or activities, (3) Whether disclosure of the requested information will contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons, (4) Whether the contribution to public understanding of government operations or activities will be "significant," (5) Whether the requester has a commercial interest that would be furthered by the requested disclosure, and (6) Whether the magnitude of any identified commercial interest to the requester is sufficiently large in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requester.

Upon review of the subject matter of your request, and an evaluation of the six factors identified above, DHS has determined that it will conditionally grant your request for a fee waiver.  The fee waiver determination will be based upon a sampling of the responsive documents received from the various DHS program offices as a result of the searches conducted in response to your FOIA request.  DHS will, pursuant to DHS regulations applicable to non-commercial requesters, provide two hours of search time and process the first 100 pages at no charge to you.  If upon review of these documents, DHS determines that the disclosure of the information contained in those documents does not meet the factors permitting DHS to waive the fees, then DHS will at that time either deny your request for a fee waiver entirely, or will allow for a percentage reduction in the amount of the fees corresponding to the amount of relevant material found that meets the factors allowing for a fee waiver.  In either case, DHS will promptly notify you of its final decision regarding your request for a fee waiver and provide you with the responsive records as required by applicable law.

In the event that your fee waiver is denied, and you determine that you still want the records, provisions of the FOIA allow us to recover part of the cost of complying with your request.  We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requestors.  As a non-commercial requester you will be charged for any search time and duplication beyond the free two hours and 100 pages mentioned in the previous paragraph.  You will be charged 10 cents per page for duplication and search time at the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher.  In the event that your fee waiver is denied, we will construe the submission of your request as an agreement to pay up to $25.00.  This office will contact you before accruing any additional fees.

Your request has been assigned reference number **2014-HQFO-00490**.  Please refer to this identifier in any future correspondence.  If you have any questions, or would like to discuss this matter, please feel free to contact this office at 1- 866-431-0486 or 202-343-1743.

Sincerely,

Amy Pugh
Senior FOIA Program Specialist

# EXHIBIT D



U.S. Department of Homeland Security
500 12th Street S.W., Stop 5009
Washington, D.C. 20536-5009

U.S. Immigration
and Customs
Enforcement

June 11, 2014

KAREN TUMLIN
NATIONAL IMMIGRATION LAW CENTER
3435 WILSHIRE BLVD, SUITE 2850
LOS ANGELES, CA  90010

Re:  **ICE FOIA Case Number 2014FOIA16276**

Dear Ms. Tumlin:

This is the final response to your Freedom of Information Act (FOIA) request, dated April 24, 2014, to the Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), for records pertaining to information sharing between state driver's license agencies and DHS or ICE for immigration enforcement purposes.

To provide you with the greatest degree of access authorized by law, we have considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.  Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual[1] unless the agency has exempted the system of records from the access provisions of the Privacy Act.[2]

A search of the ICE Office of Enforcement and Removal Operations (ERO) and Office of Homeland Security Investigations (HSI) was conducted and no records responsive to your request were found.

You have the right to appeal ICE's withholding determination.  Should you wish to do so, send your appeal and a copy of this letter to:  U.S. Immigration Customs Enforcement, Office of Principal Legal Advisor, U.S. Department of Homeland Security, Freedom of Information Office, 500 12th Street, S.W., Stop 5009 Washington, D.C. 20536-5009, following the procedures outlined in the DHS regulations at 6 C.F.R. § 5.9.  Your appeal must be received within 60 days of the date of this letter.  Your envelope and letter should be marked "FOIA Appeal."  Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

_____
[1] 5 U.S.C. § 552a(d)(1).
[2] 5 U.S.C. §§ 552a(d)(5), (j), and (k).

**28**

Provisions of the FOIA and Privacy Act allow us to recover part of the cost of complying with your request.  In this instance, because the cost is below the $14 minimum, there is no charge.[3]

If you need to contact our office about this matter, please refer to case number **2014FOIA16276**. This office can be reached at (866) 633-1182.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

---

[3] 6 CFR § 5.11(d)(4).

Hasler
06/16/2014
US POSTAGE $000.48⁰

FIRST-CLASS MAIL

US-OFFICIAL MAIL
S 300   Penalty
For Private Use
ZIP 20743
011D12500059

U.S. Immigration
and Customs
Enforcement
Freedom of Information Act Office
500 12th St., S.W., MS 5009
Washington. D.C. 20536-5009

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

# EXHIBIT E



NATIONAL
IMMIGRATION
LAW CENTER

June 27, 2014

*By Fax and UPS Next Day Air*

Associate General Counsel (General Law)
U.S. Department of Homeland Security
245 Murray Lane SW, Mailstop 3650
Washington, D.C. 20528
Fax: 202-282-9822

**RE: Freedom of Information Act Appeal-2014FOIA16276**

Dear Madam or Sir:

This is an appeal under the Freedom of Information Act ("FOIA") 5 U.S.C. § 552(a)(6). On April 24, 2014, pursuant to the FOIA, the National Immigration Law Center ("NILC"), the Requester, requested disclosure of Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE") records relating to information sharing between state driver's license agencies and ICE for immigration enforcement purposes. A copy of the initial FOIA request is attached hereto as Exhibit A.

On April 30, 2014, DHS or ICE mailed three separate letters (attached together as Exhibit B) informing us that it had received our FOIA request and denied our requests for a fee waiver, fee reduction, and expedited processing of this FOIA request.

We hereby file an appeal of the denial of our request for a full waiver of fees, the denial of our request for a fee reduction, and the denial of our request for expedited processing. Requesters expressly reserve all rights with respect to the original FOIA request and this appeal. This appeal should not be construed to limit the original FOIA request in any way.

www.nilc.org

**LOS ANGELES (Headquarters)**
3435 Wilshire Blvd., Suite 2850
Los Angeles, CA 90010
213 639-3900
213 639-3911 fax

**WASHINGTON, DC**
1121 14th Street, NW, Suite 200
Washington, DC 20005
202 216-0261
202 216-0266 fax

31

Freedom of Information Act Appeal - 2014FOIA16276
June 27, 2014
Page 2 of 9

## Fee Waiver

We appeal the denial of our blanket waiver of fees requested pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).  The public interest benefit test for fee waiver provisions of the FOIA is to be "liberally construed" in favor of the requester.  *See Federal CURE v. Lappin*, 602 F. Supp. 2d 197, 200 (D.D.C. 2013); *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003); *National Treasure Employees Union v. Griffin*, 811 F.3d 644, 649 (D.C. Cir. 1987); *Lybarger v. Cardwell*, 577 F.2d 764 (1st Cir. 1978).  This test has been "consistently associated with requests from journalists, scholars, and non-profit public interest groups" whom it was intended to benefit.  *Etlinger v. FBI*, 596 F. Supp. 867, 872 (D. Mass 1984).

Requester, a non-profit national advocacy organization, meets the applicable standard under 6 CFR § 5.11(k)(2)and is entitled to a blanket waiver of fees.  The information requested will significantly advance the understanding of a "reasonably broad audience of persons interested in the subject" as distinguished from the "individual understanding of the requestor" or a "narrow segment of interested persons" since the subject matter of the request concerns "the operations or activities of the government."  *Id.*  Requesters seek records relating to core activities of the government regarding access to and use of state driver's license records in immigration enforcement.

In a letter dated April 30, 2014, FOIA Officer Catrina M. Pavlik-Keenan stated that FOIA officers will consider the following factors in evaluating our request for a fee waiver pursuant to 6 CFR § 5.11(k)(2):

> "(1) Whether the subject of the requested records concerns 'the operations or activities of the government;'
> (2) Whether the disclosure is 'likely to contribute' to an understanding of government operations and activities;
> (3) Whether disclosure of the requested information will contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons;
> (4) Whether the contribution to public understanding of government operations or activities will be 'significant;'
> (5) Whether the requester has a commercial interest that would be furthered by the requested disclosure; and
> (6) Whether the magnitude of any identified commercial interest to the requester is sufficiently large in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requester."

Freedom of Information Act Appeal - 2014FOIA16276
June 27, 2014
Page 3 of 9

Exhibit B.  In her letter, FOIA Officer Pavlik-Keenan concluded that NILC did not meet factors 3, 4, 5, and 6 of the DHS FOIA Regulations pursuant to 6 CFR § 5.11(k)(2). However, this FOIA request clearly meets all applicable legal standards for a fee waiver.

First, this request meets factors 3 and 4 of the DHS FOIA Regulations because this disclosure will provide "significant" contributions to the "understanding of the public at large."  *See* 6 CFR § 5.11(k)(2).  The contention that disclosure of this information will only contribute to the understanding "of a narrow segment of interested persons" is mistaken.  The information will significantly advance the understanding of this topic to the general public.  Through its website and free publications, NILC distributes publicly a wide range of information relating to current employment and immigration issues.  Public education is a cornerstone of NILC's work, as we have dedicated staff and resources that constantly produce and revise fact sheets, reports, and information briefs.  Further, NILC has a public website that receives nearly 6,500 visits per day, and many of the visitors to our website actively download our reports, brochures, and fact sheets.  These visitors make up a diverse population, including individuals, legal service providers, researchers, and policy analysts.  Information obtained through this FOIA request will be made available to the general public and will further the understanding of a wide and varied audience.

There has been increasing public interest in ICE's use of state driver's license records and data for purpose of immigration enforcement, and the disclosure of this information would significantly contribute to the public's understanding of government operations. *See Immigration Tactics Aimed at Boosting Deportations*, USA Today, (February 17, 2013); *ICE's Latest Stop for Deportations: The DMV*, The Nation, (February 17, 2013). There also has been an increased amount of public interest in noncitizen access to driver's licenses and the implications of these policies.  *See* Richard Winton, Hector Becerra & Kate Mather, *Driver's Licenses for Undocumented Immigrants Stir Debate*, Los Angeles Times, (September 13, 2013); Mike Debonis, *Illegal Immigrants Can Soon Apply for D.C. Driver's Licenses*, The Washington Post, (April 18, 2014); Kari Ottavio, *Deferred Action for Childhood Arrivals: Why Granting Driver's Licenses to DACA Beneficiaries Makes Constitutional and Political Sense*, 72 Md. L. Rev. 931, (2013); Vallerye Mosquera, *Driving While Undocumented: Chapter 524 Allows Undocumented Immigrants to Apply for California Driver's Licenses*, 45 McGeorge L. Rev. 617 (2014); Tung Sing Wong, *Branded to Drive: Obstacle Preemption of North Carolina Driver's*

Freedom of Information Act Appeal - 2014FOIA16276
June 27, 2014
Page 4 of 9

*Licenses for DACA Grantees*, 37 Hamline L. Rev. 81 (2014); Maria Pabon Lopez, *More Than a License to Drive: State Restrictions on the Use of Driver's Licenses by Noncitizens*, 19 S. Ill. U. L.J. 91 (2005).

Currently, many immigrants fear that information sharing between the Department of Motor Vehicles ("DMV") in their state and ICE could lead to immigration enforcement against individuals who possess valid driver's licenses or driving privilege cards. At community meetings in California hosted by the Department of Motor Vehicles, numerous participants expressed fear that the new licenses could be used to deport them.[1] As a Nevada Department of Motor Vehicles spokesman said regarding the new Nevada law, "There is a high level of distrust…People were convinced that no matter what we were saying, once we had them in our system, we would pass their information on and someone would be there to round them up."[2] The fear that the DMV may coordinate with ICE and share personal information of license applicants could prevent individuals from seeking driver's licenses to which they are legally entitled.

This fear has become further heightened by emails recently obtained through a FOIA request by the ACLU of North Carolina indicating that the ICE Atlanta office proposed a plan in 2012 for ICE "HQ" to reach out to each state's Department of Motor Vehicles/Driver's Services Bureau to obtain records of denied driver's license applications and temporary licenses issued to foreign-born applicants.[3] Though ICE has denied implementing this plan,[4] uncertainty over information sharing between ICE and state DMVs continues to exist. ICE and DHS have not yet released any reports or disclosures regarding under which circumstances state driver's license records and data are obtained and used. This information is of great interest to the public at large but is not currently available in the public domain.

Releasing the requested information would increase the public understanding of interactions between ICE and state DMVs. If there is information sharing between ICE and state driver's license agencies, noncitizens will benefit from the increased transparency with respect to these governmental activities and will be able to make more informed decisions about whether to seek a driver's license. If there is no information sharing between the governmental agencies, or only limited sharing in certain

---

[1] Ian Lovett, *California Driver's License Program Hits an Unexpected Hurdle*, THE NEW YORK TIMES (March 4, 2014), http://www.nytimes.com/2014/03/05/us/california-drivers-license-program-hits-an-unexpected-snag.html.
[2] *Id.*
[3] Brad Heath, *Immigration Tactics Aimed at Boosting Deportations*, USA TODAY (Feb. 17, 2013), http://www.usatoday.com/story/news/nation/2013/02/15/immigration-criminal-deportation-targets/1919737/.
[4] Brad Heath, *ICE Says It Never Acted on Plans to Mine Driver Records*, USA TODAY (Feb 15, 2013), http://www.usatoday.com/story/news/nation/2013/02/15/immigration-deportation-tactics/1923931/.

Freedom of Information Act Appeal - 2014FOIA16276
June 27, 2014
Page 5 of 9

circumstances, more noncitizens will feel free to seek driver's licenses, enhancing public safety for citizens and noncitizens alike. By resolving the current public confusion with respect to these information sharing policies, the requested disclosure would help address lingering misinformation about the relationship between ICE and state driver's license agencies and would foster greater trust of the government, especially among non-citizens. A significant number of people may benefit from the requested disclosure. In California alone, an estimated 1.4 million persons are expected to be eligible to apply for driver's licenses under a newly enacted law providing access to a driver's license to eligible applicants, regardless of immigration status.[5] However, many of these individuals are concerned about the risk that they will be targeted by immigration authorities and may not apply for valid state driver's licenses as a result, undermining the public safety goals of the legislation.

Second, the initial request clearly meets factors 5 and 6 of the FOIA regulations because NILC does not have a commercial interest in the requested disclosure. In our initial FOIA request dated April 24, 2014, NILC stated the following:

> "It is NILC's intent to synthesize and disseminate the information produced by this FOIA request in a manner that is accessible without charge to a broad public audience. NILC has synthesized and disseminated information from FOIA requests in the past to facilitate the sharing of this information with a broad public audience. *See* Deportation Without Due Process, report by NILC, Western State Immigration Clinic & Stanford Law School Immigrants' Rights Clinic summarizing 20,000 pages of FOIA documents, available at http://nilc.org/pubs.html.
>
> The records requested are not sought for commercial use, and the Requester, a non-profit organization, plans to disseminate the disclosed information to the public at no cost. *See* 6 C.F.R. § 5.11(k)."

NILC is a nonprofit national legal advocacy organization that engages in policy analysis, advocacy, education, and litigation to promote and advance the rights of low-income immigrants and their families. NILC does not seek these FOIA disclosures with the hopes of furthering any commercial interest but rather requests this information with the goal of furthering public education on this topic. NILC plans to post at least a summary of the information obtained through this FOIA request on its website and to share

---

[5] Lovett, supra note 1.

Freedom of Information Act Appeal - 2014FOIA16276
June 27, 2014
Page 6 of 9

information synthesized from the FOIA disclosures with national print and news media interested in the content.

Moreover, the National Immigration Law Center is routinely granted fee waivers by government agencies. In fact, our last two requests for fee waivers to DHS-ICE were granted (2013-HQFO-00730 and 2013-HQFO-00907). Thus, we ask that you reconsider our request for a total waiver of fees associated with this FOIA request.

## Fee Reduction

A fee reduction is warranted when "records are not sought for commercial use and the request is made by… a representative of the news media…" 5 U.S.C. § 552(a)(4)(A)(ii)(II). This FOIA request is not made for commercial use of the requested records. The requester intends to synthesize the information received through this request and will make the information accessible to a broad audience. NILC is a non-profit organization and has no commercial interests in the information sought by the FOIA request.

Moreover, NILC is considered "a representative of the news media" for purposes of a fee reduction. NILC often serves as the primary reporter to the public on issues pertaining to immigration enforcement and government policies, and that is especially true with respect to immigrants' access to driver's licenses. *See, e.g.*, Tanya Broder et al., *Inclusive Policies Advance Dramatically in the States: Immigrant's Access to Driver's Licenses, Higher Education, Worker's Rights and Community Policing* (October 2013); Karen Tumlin et al., *A Broken System: Confidential Reports Reveal Failure in U.S. Immigration Detention Centers* (July 2009); NILC, *Release of Customs and Border Protections Report a Good First Step Towards Transparency* (May 30, 2014); NILC, *Immigrant Families Will Not Be Penalized for Affordable Care Act Glitches* (March 27, 2014); *see also* http://www.nilc.org/newsreleases.html (for a repository of news releases created by NILC). Furthermore, as a non-profit legal advocacy organization, NILC is the type of non-profit that is routinely considered a representative of the news media with regards to fee reductions for FOIA requests. *See, e.g., ACLU of Washington v. Dept. of Justice*, 2011 WL 887731, *10 (W.D. Wash. 2011).

## Expedited Processing

Expedited processing is appropriate for this request because there is "an urgency to inform the public about an actual or alleged federal government activity" by an

Freedom of Information Act Appeal - 2014FOIA16276
June 27, 2014
Page 7 of 9

organization "primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(v)(II).

The possibility that state driver's license records could be used for immigration enforcement could discourage eligible persons from applying for driver's licenses, constituting an "urgency to inform the public" about this government activity.  Disclosure of information regarding ICE's use of state driver's license records is particularly urgent because this information implicates issues of public safety.  The fear of immigration consequences could result in eligible drivers not seeking out valid driver's licenses, undermining public safety.  Law enforcement officials across the country have been vocal in supporting driver's licenses for individuals regardless of immigration status and have cited public safety concerns associated with denying or otherwise limiting access to driver's licenses among noncitizens.[6]  State legislatures have also determined that the provision of driver's licenses to individuals regardless of immigration status is essential to preserving public safety.[7]  The misinformation, fear, and distrust stemming from the lack of public information regarding the activities of ICE and the DMV could reduce the positive impact of recent legislation aimed at increasing access to driver's licenses.

Furthermore, the requested records are urgently needed to inform the current national debate.  States increasingly allow all of their eligible residents to seek driver's licenses regardless of immigration status.  As of 2014, eleven states, the District of Columbia, and Puerto Rico have passed laws that would make driving privileges available to residents regardless of their status.[8]  In most states, the licenses issued to the newly eligible immigrants will be distinguishable from the standard driver's licenses.[9]  This has caused some concerns among immigrant communities that law enforcement officials and others will make assumptions about their citizenship or immigration status if they present these

---

[6] Letter from George Gascon, former police chief and current district attorney of San Francisco, to Governor of California Jerry Brown (August 27, 2013) *available at* http://www.nilc.org/DLaccesstoolkit4a html;  Letter from Salem Chief of Police Paul F. Tucker, to Senator McGee and Representative Straus (February 3, 2014) *available at* http://www.nilc.org/DLaccesstoolkit4a.html; Letter from Portland Chief of Police Michael Reese to Frank Garcia of the Oregon Governor's Office (April 10, 2013) *available at* http://www.nilc.org/DLaccesstoolkit4a.html; Tyler Moran, *Driver's Licenses for All Immigrants: Quotes from Law Enforcement*, NATIONAL IMMIGRATION LAW CENTER (October 2004), http://www.nilc.org/driverlicenses.html.
[7] See, e.g., Section 1 of AB 60, (Ca. 2013). http://www.leginfo.ca.gov/pub/13-14/bill/asm/ab_0051-0100/ab_60_bill_20130912_amended_sen_v93.pdf; Patrick McGreevy, *19 members of Congress urge approval of driver's license design*, LOS ANGELES TIMES, (May 12, 2014). http://www.latimes.com/local/political/la-me-pc-19-members-of-congress-call-on-feds-to-approve-drivers-license-design-20140512-story html.
[8] Gilberto Soriano Mendoza, *States Offering Driver's Licenses to Immigrants*, NATIONAL CONFERENCE OF STATE LEGISLATURES (April 2014), http://www.ncsl.org/documents/immig/DL_Enacted_TableApril2014.pdf.
[9] *Id.*

Freedom of Information Act Appeal - 2014FOIA16276
June 27, 2014
Page 8 of 9

licenses.[10]  Advocates worry that these licenses may pave the way for discriminatory practices by law enforcement or may cause license-holders to become vulnerable for selective enforcement of immigration laws.[11]  Because a majority of these state laws have gone into effect in the past year or are expected to go into effect later by early 2015,[12] public discussions about the possible use of driver's license records by ICE are recently beginning to take place.  The requested disclosures would significantly improve the public's ability to learn more about these new laws and to engage in informed discussions over these new license provisions.  In fact, with the Colorado driver's license bill going into effect in August and the Connecticut bill going into effect in January,[13] this request has become particularly urgent.  The requested information is urgently needed to allow individuals to exercise their legal rights under state law.

NILC qualifies as an organization "primarily engaged in disseminating information."  5 U.S.C. § 552(a)(6)(v)(II).  NILC has the capacity, intent and legal expertise to review, analyze, and synthesize the requested information and make it accessible to a broad public audience at no cost.  NILC uses many approaches in disseminating information for the public's benefit, including sharing information with local, regional, and national media through press releases and media interviews, publishing reports and memoranda through interest websites and email to individuals and organizations working on immigration issues, and creating and disseminating materials to educate the public about federal immigration laws and policies.  NILC's website receives nearly 6,500 visits per day, and many visitors actively download our reports, brochures, and fact sheets.

We look forward to a timely written response within twenty (20) working days as required by statute.  5 U.S.C. § 552(a)(6)(A)(ii).

---

[10] See, e.g., Tung Sing Wong, *Branded to Drive: Obstacle Preemption of North Carolina Driver's Licenses for DACA Grantees*, 37 HAMLINE L. REV. 81 (2014).
[11] *Id.*
[12] Jen Riddle, *States Continue to Expand Immigrant Access to Driver's Licenses*, CATHOLIC LEGAL IMMIGRATION NETWORK, INC. (2013), https://cliniclegal.org/resources/newsletter/states-continue-expand-immigrants-access-drivers-licenses.
[13] *Id.*

Freedom of Information Act Appeal - 2014FOIA16276
June 27, 2014
Page 9 of 9

If you have any questions, please contact me at tumlin@nilc.org or 213-674-2850.
Thank you for your consideration of this appeal.

Sincerely,

/s/ Karen C. Tumlin
Karen C. Tumlin

Managing Attorney
NATIONAL IMMIGRATION LAW CENTER


KCT:ba

cc: Catrina M. Pavlik-Keenan
Tanya Broder, Esq.
Joan Friedland, Esq.

# Exhibit A



NATIONAL
IMMIGRATION
LAW CENTER

April 24, 2014

*Via Email and Certified Mail/Return Receipt*

Karen Neuman                                      Catrina Pavlik-Keenan
Chief Privacy Officer/Chief FOIA Officer          FOIA Officer
THE PRIVACY OFFICE                                U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security              FREEDOM OF INFORMATION ACT OFFICE
245 Murray Lane SW, Stop-0655                     500 12th Street, SW, Stop 5009
Washington, D.C. 20528-0655                       Washington, D.C. 20536-5009
Email:  foia@hq.dhs.gov                           Email:  ice-foia@dhs.gov

**Re:  Request under the Freedom of Information Act (FOIA)**

Dear FOIA Officers:

The National Immigration Law Center ("NILC"), the Requester, makes this request to the
Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE")
for information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., for
records pertaining to information sharing between state driver's license agencies and DHS or
ICE for immigration enforcement purposes.

**I. Background**

Eleven states, plus the District of Columbia and Puerto Rico, have enacted laws making
individuals eligible for driver's licenses or driving privilege cards regardless of immigration
status.  They have determined that issuance of licenses regardless of immigration status is
essential to protecting public safety.[1]  Eight such laws were enacted just in 2013.  The numbers
of persons expected to apply for licenses under the new laws is substantial.  In California alone
about 1.4 million persons are expected to apply.[2]

---

[1] See, e.g., section 1 of AB 60, enacted in California in 2013, http://www.leginfo.ca.gov/pub/13-14/bill/asm/ab_0051-0100/ab_60_bill_20130912_amended_sen_v93.pdf.
[2] Ian Lovett, "California Driver's License Program Hits and Unexpected Hurdle," *The New York Times*, March 4, 2014, http://www.nytimes.com/2014/03/05/us/california-drivers-license-program-hits-an-unexpected-snag.html.

www.nilc.org

LOS ANGELES (Headquarters)
3435 Wilshire Blvd., Suite 2850
Los Angeles, CA 90010
213 639-3900
213 639-3911 fax

WASHINGTON, DC
1121 14th Street, NW, Suite 200
Washington, DC 20005
202 216-0261
202 216-0266 fax

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 2 of 7

But many immigrants fear that any information provided to state driver's license agencies will be shared with ICE, or that rogue police officers or other state employees and agents will use the fact that an individual possesses one of the licenses to call immigration authorities. At community meetings in California hosted by the Department of Motor Vehicles, participant after participant expressed fear that the new licenses could be used to deport them. As a Nevada Department of Motor Vehicles spokesman said regarding the new Nevada law, "There is a high level of distrust…People were convinced that no matter what we were saying, once we had them in our system, we would pass their information on and someone would be there to round them up."[3]

The issue is not just limited to states that issue licenses regardless of immigration status. ICE has expressed a broader intention to obtain and use state driver's license records and data for purposes of immigration enforcement. Emails obtained through a Freedom of Information Act request by the ACLU of North Carolina, indicate that the ICE Atlanta office proposed a plan in 2012, that ICE "HQ" ordered be implemented, to:

> Reach out to the Investigations Division of each state's Department of Motor Vehicles/Driver's Services Bureau to determine if:

1. A photo scrub for duplicate photos with different biographic information on file can be conducted and a list of results provided to ERO;

2. A list of denied driver license applications (focusing on those with insufficient proof of residency) can be provided to ERO;

3. A list of temporary driver licenses issued to foreign-born applicants can [sic] provided to ERO;

4. A list of any other applications containing indicators of fraud can be obtained.[4]

ICE subsequently denied implementing the plan,[5] leaving uncertainty among the public about ICE access to and use of driver's license records. ICE and DHS have not issued any reports or made available to the public information about when and under what circumstances state driver's license records and data are obtained and used.

---

[3] *Id.*

[4] http://www.documentcloud.org/documents/603861-ice-documents.html, available through Brad Heath, *Immigration Tactics Aimed at Boosting Deportations*, USA Today, Feb. 17, 2013, http://www.usatoday.com/story/news/nation/2013/02/14/immigration-criminal-deportation-targets/1919737/

[5] Brad Heath, *ICE Says It never Acted on Plans to Mine Driver Records*, USA Today, Feb. 15, 2013, http://www.usatoday.com/story/news/nation/2013/02/15/immigration-deportation-tactics/1923931/

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 3 of 7

## II. The FOIA Request

We request disclosure of records[6] that were prepared, received, transmitted, collected and/or maintained by DHS and ICE relating or referring to information sharing between state driver's license agencies (both governmental and non-governmental) and ICE for immigration enforcement purposes.  These records include, but are not limited to:

1.  DHS and ICE records from January 1, 2009 to the present regarding the criteria, mechanisms, and process for ICE to gain access to or use state driver's license databases or records for immigration enforcement purposes.

2.  DHS and ICE records, including but not limited to records concerning the National Law Enforcement Telecommunications System (NLETS), from January 1, 2009 to the present regarding the criteria, mechanisms, and process for DHS and ICE to obtain state driver's license records of individual driver's license applicants or license holders for immigration enforcement purposes.

3.  DHS and ICE records from January 1, 2009 to the present regarding any outreach to, agreements (whether formal or informal) with, or communications by DHS and ICE with state driver's license agencies regarding identification of driver's license applicants or driver's license holders for immigration enforcement purposes.

4.  DHS and ICE records from January 1, 2009 to the present regarding reporting by employees or agents of state driver's license agencies (both governmental and non-governmental) to DHS and ICE of persons who are applying for or have been issued a driver's license and whom the employees or agents suspect of lacking federal authorization to be present in the United States.

The Requester does not include in this request records related to state motor vehicle department use of the Systematic Alien Verification of Entitlements ("SAVE") system operated by United States Citizenship and Immigration Services ("USCIS") to verify the immigration status of driver's license applicants.

---

[6] The term "records" as used herein includes but is not limited to all records or communications preserved in electronic or written form, including but not limited to correspondence, including but not limited to intra-governmental correspondence, documents, data, videotapes, audio tapes, faxes, files, forms, e-mails, guidance, guidelines, evaluations, legal opinions, instructions, analyses, directives, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, technical manuals, technical specifications, training manuals, questionnaires, studies, including records kept in written form, or electronic format on computers and/or other electronic storage devices, electronic communications and/or video tapes, or any other sub- regulatory guidance.

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 4 of 7

**Waiver of Costs**

We request a waiver of all costs pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) ("Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the Requester."). The public interest/benefit fee waiver provisions of the FOIA are to be "liberally construed" and are "consistently associated with requests from journalists, scholars, and non-profit interest groups who it was intended to benefit." *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of fee waivers for noncommercial requesters.'") (citation omitted); *see also* 6 C.F.R. § 5.11(k).

Further, Congress has provided that a "minimal showing" is all that is necessary for an agency to grant a FOIA fee waiver.

> [T]he legislative history . . . demonstrates that Congress intended independent researchers, journalists, and public interest watchdog groups to have inexpensive access to government records in order to provide the type of public disclosure believed essential to our society. Moreover, in the 1986 amendments to FOIA, Congress ensured that when such requesters demonstrated a minimal showing of their legitimate intention to use the requested information in a way that contributes to public understanding of the operations of government agencies, no fee attaches to their request.

*Institute for Wildlife Protection v. U.S. Fish & Wildlife Serv.*, 290 F. Supp. 2d 1226, 1232 (D. Or. 2003).

The Ninth Circuit has interpreted the requisite "minimal showing" in noting "if a non- profit organization has 'identified why they wanted the administrative record, what they intended to do with it, to whom they planned on distributing it, and the [relevant] expertise of their membership,' then a waiver is appropriate." *Ctr. For Biological Diversity v. Office of Mgmt. & Budget*, 546 F. Supp. 2d 722, 727 (N.D. Cal. 2008) (quoting *Friends of the Coast Fork v. U.S. Dep't of the Interior*, 110 F.3d 53, 55 (9th Cir. 1997)).

NILC is a nonprofit national legal advocacy organization that engages in policy analysis, advocacy, education, and litigation to promote and advance the rights of low-income immigrants and their families. NILC serves as an important resource to a broad range of immigrant advocacy groups, community organizations, legal service organizations, and the general public. As a part of its work, NILC disseminates information to the public through electronic newsletters, news alerts, issue briefs, trainings, and other educational and informational materials. In addition, NILC disseminates information to individuals, tax-exempt organizations,

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 5 of 7

not-for-profit groups, and members through its website at http://www.nilc.org.
NILC has done extensive work for many years in preparing and disseminating research, fact sheets, analyses, toolkits, comments on regulations, and opinion pieces about state and federal driver's license issues and the interplay with immigration enforcement. In recognition of NILC's expertise on driver's license issues, DHS appointed a NILC staff attorney to the Negotiated Rulemaking Advisory Committee on Minimum Standards for Driver's Licenses and Personal Identification Cards authorized by section 7212 of the Intelligence Reform and Terrorism Prevention Act of 2004. NILC devotes a significant portion of its website to state and federal driver's license issues and the relationship with immigration enforcement. *See* http://nilc.org/driverlicenses.html.

It is NILC's intent to synthesize and disseminate the information produced by this FOIA request in a manner that is accessible to a broad public audience. NILC has synthesized and disseminated information from prior FOIA requests in the past to facilitate the sharing of this information with a broad public audience. *See* Deportation Without Due Process, report by NILC, Western State Immigration Clinic & Stanford Law School Immigrants' Rights Clinic summarizing 20,000 pages of FOIA documents, available at http://nilc.org/pubs.html.

The records requested are not sought for commercial use, and the Requester, a non-profit organization, plans to disseminate the disclosed information to the public at no cost. *See* 6 C.F.R. § 5.11(k). Disclosure of the requested records is likely to contribute significantly to public understanding of the operations and activities of the government regarding access to and use of state driver's license records in immigration enforcement. The requested information is of great interest to the public at large, but it is not available in the public domain.

NILC has the capacity, intent, and legal expertise to review, analyze, and synthesize the requested information and make it accessible to a broad public audience. Public education is a cornerstone of NILC's work. NILC uses many approaches in disseminating information for the public's benefit, including sharing information with local, regional and national media through press releases and media interviews, publishing reports and memoranda through internet websites and email to individuals and organizations working on immigration issues, and creating and disseminating materials to educate the public about federal immigration laws and policies. NILC's website receives nearly 6,500 visits per day, and many visitors actively download our reports, brochures, and fact sheets. NILC's email listserv has about 18,000 subscribers. NILC will post at least a summary of the information obtained through this FOIA on its website. NILC also has regular contact with national print and news media and plans to share information gleaned from FOIA disclosures with interested media.

For all of these reasons, disclosure of the requested records is required by the FOIA and a total fee waiver is justified. If the fee waiver request is denied, while reserving our right to appeal the denial, we will pay fees up to $25.00. If you estimate that the fees will exceed this limit, please

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 6 of 7

inform us.

## IV. Limitation of Processing Fees and Waiver of Search and Review Fees

In the event that the request for waiver of all costs is denied, we request a limitation of processing fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) ("fees shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by ... a representative of the news media ..."). One of NILC's primary functions is to analyze, synthesize, and disseminate information to the public just as the news media does. Notably, a non-profit organization such as the Requester is routinely deemed to be a representative of the news media under this portion of the FOIA. *See, e.g.*, *ACLU of Washington v. Dept. of Justice*, 2011 WL 887731, *10 (W.D. Wash. 2011). In fact, NILC is frequently the primary reporter to the public about important changes and developments in immigration laws and government policies. *See, e.g.*, Karen Tumlin et al., A Broken System: Confidential Reports Reveal Failure in U.S. Immigration Detention Centers (July 2009), available at http://nilc.org/pubs.html; *see also* http://www.nilc.org/newsreleases.html (News releases and NILC statements informing the public about new developments). The information requested under the FOIA here is not sought for a commercial purpose as it is the Requester's intent to synthesize and disseminate the information received through this FOIA request to a broad public audience.

## V. Request for Expedited Processing

Expedited processing is warranted because there is "an urgency to inform the public about an actual or alleged federal government activity" by organizations "primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II). This request implicates a matter of urgent public concern, namely, the use of state driver's licenses records and data for immigration enforcement. There is "an urgency to inform the public" about this government activity because the possibility that information provided to driver's license agencies may discourage eligible persons from applying for licenses. Obtaining a driver's license is a matter of public safety.

## VI. Request for Release of All Responsive Records

We believe that all of the records requested are subject to disclosure, and we request prompt processing and release of this information. We also request a complete list of documents covered by the request. We expect that all records will be provided in complete form. To the extent that any requested records are marked classified or withheld subject to FOIA exemptions, please redact only the necessary portions of those records and immediately provide us with the remaining portions. If any records are withheld, please state the exemption applied to withhold the documents and provide a list of the withheld records. If you deny this request in whole or in part, please provide a written explanation for that denial, including reference to the specific

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 7 of 7

statutory provisions upon which you rely, and notify us of appeal procedures available under the law.

**VII. Conclusion**

We look forward to a written response to this FOIA Request by the close of the statutory time period, which is within 20 working days of your receipt of this letter. *See* 5 U.S.C. § 552(a)(6)(A)(ii).  Without waiving any other appeal rights, we reserve the right to appeal a constructive denial of this Request as well as decisions to deny expedited processing, to withhold any information, to deny a waiver of fees, or to deny a limitation of processing fees.  We also reserve the right to challenge the adequacy of the search for responsive documents and any redactions in the materials produced in response to this request. Please provide us responsive documents as soon as they are identified.  If you have any questions, please contact me at tumlin@nilc.org or (213) 674-2850.

Sincerely,

/s/ Karen C. Tumlin
Karen C. Tumlin
Managing Attorney
NATIONAL IMMIGRATION LAW CENTER

KCT:ba

cc:  Tanya Broder, Esq.
     Joan Friedland, Esq.

# Exhibit B

U.S. Department of Homeland Security
Washington, DC 20536-5009



**U.S. Immigration and Customs Enforcement**

April 30, 2014

KAREN TUMLIN
NATIONAL IMMIGRATION LAW CENTER
3435 WILSHIRE BLVD, STE. 2850
LOS ANGELES, CA  90010

**Re: 2014FOIA16276**

Dear Ms. Tumlin:

This acknowledges receipt of your April 24, 2014 Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement(ICE),  seeking records pertaining to information sharing between state driver's license agencies and DHS or ICE for immigration enforcement purposes.

The issue is not just limited to states that issue licenses regardless of immigration status. ICE has expressed a broader intention to obtain and use state driver's license records and data for purposes of immigration enforcement. E-mails obtained through a Freedom of Information Act request by the ACLU of North Carolina, indicate that the ICE Atlanta office proposed a plan in 2012, that ICE "HQ" ordered be implemented, to:
Reach out to the Investigations Division of each state's Department of Motor Vehicles/Driver's Services Bureau to determine if:
1. A photo scrub for duplicate photos with different biographic information on file can be conducted and a list of results provided to ERO;
2. A list of denied driver license applications (focusing on those with insufficient proof of residency) can be provided to ERO;
3. A list of temporary driver licenses issued to foreign-born applicants can [sic] provided to ERO;
4. A list of any other applications containing indicators of fraud can be obtained

Request disclosure of records that were prepared, received, transmitted, collected and/or maintained by DHS and ICE relating or referring to information sharing between state driver's license agencies (both governmental and non-governmental) and ICE for immigration enforcement purposes. These records include, but are not limited to:
1. DHS and ICE records from January I, 2009 to the present regarding the criteria, mechanisms, and process for ICE to gain access to or use state driver's license databases or records for immigration enforcement purposes.
2. DHS and ICE records, including but not limited to records concerning the National Law Enforcement Telecommunications System (NLETS), from January 1, 2009 to the present regarding the criteria, mechanisms, and process for DHS and ICE to obtain state driver's

(4) Whether the contribution to public understanding of government operations or activities will be "significant;"

(5) Whether the requester has a commercial interest that would be furthered by the requested disclosure; and

(6) Whether the magnitude of any identified commercial interest to the requestor is sufficiently large in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requestor.

As a requester, you bear the burden under the FOIA of showing that the fee waiver requirements have been met. Based on my review of your April 24, 2014 letter and for the reasons stated herein, I have determined that your fee waiver request is deficient because you failed to meet factors 3, 4, 5 and 6 Since your request for a fee waiver has failed to satisfy each of the required factors, I am denying your fee waiver request.

Provisions of the Act allow us to recover part of the cost of complying with your request. We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requestors. As a non-commercial requestor you will be charged 10-cents a page for duplication, although the first 100 pages are free, as are the first two hours of search time, after which you will pay the per quarter-hour rate ($4.00, $7.00, $10.25) of the searcher. We will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.

You have the right to appeal the determination to deny your fee waiver request. Should you wish to do so, you must **send your appeal within 60 days of the date of this letter to**: Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528, following the procedures outlined in Subpart A, Section 5.9, of the DHS Regulations. Your envelope and letter should be marked "Freedom of Information Act Appeal." The implementing Department regulations establish the criteria under which the FOIA is administered. Copies of the FOIA and regulations are available at www.DHS.gov.

Your request has been assigned reference number **2014FOIA16276**. Please refer to this identifier in any future correspondence. If you have any questions, or would like to discuss this matter, please feel free to contact this office at (866) 633-1182.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

**50**

U.S. Department of Homeland Security
Washington, DC 20536-5009



**U.S. Immigration
and Customs
Enforcement**

April 30, 2014

KAREN TUMLIN
NATIONAL IMMIGRATION LAW CENTER
3435 WILSHIRE BLVD, STE. 2850
LOS ANGELES, CA  90010

**Re: 2014FOIA16276**

Dear Ms. Tumlin:

This acknowledges receipt of your April 24, 2014, Freedom of Information Act (FOIA) request to the Immigration and Customs Enforcement (ICE), for records pertaining to information sharing between state driver's license agencies and DHS or ICE for immigration enforcement purposes.

The issue is not just limited to states that issue licenses regardless of immigration status. ICE has expressed a broader intention to obtain and use state driver's license records and data for purposes of immigration enforcement. E-mails obtained through a Freedom of Information Act
request by the ACLU of North Carolina, indicate that the ICE Atlanta office proposed a plan in 2012, that ICE "HQ" ordered be implemented, to:
Reach out to the Investigations Division of each state's Department of Motor Vehicles/Driver's Services Bureau to determine if:
1. A photo scrub for duplicate photos with different biographic information on file can be conducted and a list of results provided to ERO;
2. A list of denied driver license applications (focusing on those with insufficient proof of residency) can be provided to ERO;
3. A list of temporary driver licenses issued to foreign-born applicants can [sic] provided to ERO;
4. A list of any other applications containing indicators of fraud can be obtained

Request disclosure of records that were prepared, received, transmitted, collected and/or maintained by DHS and ICE relating or referring to information sharing between state driver's license agencies (both governmental and non-governmental) and ICE for immigration
enforcement purposes. These records include, but are not limited to:
1. DHS and ICE records from January 1, 2009 to the present regarding the criteria, mechanisms, and process for ICE to gain access to or use state driver's license databases or records for immigration enforcement purposes.
2. DHS and ICE records, including but not limited to records concerning the National Law Enforcement Telecommunications System (NLETS), from January 1, 2009 to the present regarding the criteria,

mechanisms, and process for DHS and ICE to obtain state driver's

license records of individual driver's license applicants or license holders for immigration enforcement purposes.

3. DHS and ICE records from January 1, 2009 to the present regarding any outreach to, agreements (whether formal or informal) with, or communications by DHS and ICE with state driver's license agencies regarding identification of driver's license applicants or driver's license holders for immigration enforcement purposes.

4. DHS and ICE records from January 1, 2009 to the present regarding reporting by employees or agents of state driver's license agencies (both governmental and non governmental) to DHS and ICE of persons who are applying for or have been issued a driver's license and whom the employees or agents suspect of lacking federal authorization to be present in the United States. Your request was received in this office on April 28, 2014.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, the Department processes FOIA requests according to their order of receipt. Although DHS' goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10-day extension of this time period. As your request seeks numerous documents that will necessitate a thorough and wide-ranging search, DHS will invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. § 552(a)(6)(B). If you care to narrow the scope of your request, please contact our office. We will make every effort to comply with your request in a timely manner; however, there are currently 1252 open requests ahead of yours.

Provisions of the Act allow us to recover part of the cost of complying with your request. We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requesters. As a non-commercial requester you will be charged 10-cents a page for duplication, although the first 100 pages are free, as are the first two hours of search time, after which you will pay the quarter-hour rate ($4.00, $7.00, $10.25) of the searcher. We will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.

We have queried the appropriate program offices within ICE for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the processors in our office will respond to your request as expeditiously as possible. We appreciate your patience as we proceed with your request.

Your request has been assigned reference number **2014FOIA16276**. Please refer to this identifier in any future correspondence. You may contact this office at (866) 633-1182. Our mailing address is 500 12th Street, S.W., Stop 5009, Washington, D.C. 20536-5009.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

U.S. Department of Homeland Security
Washington, DC 20536



U.S. Immigration
and Customs
Enforcement

April 30, 2014

KAREN TUMLIN
NATIONAL IMMIGRATION LAW CENTER
3435 WILSHIRE BLVD, STE. 2850
LOS ANGELES, CA  90010

Re: 2014FOIA16276

Dear Ms. Tumlin:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the
U.S. Immigration and Customs Enforcement(ICE), dated April 24, 2014, and to your request for a waiver of
all assessable FOIA fees.  Your request was received in this office on April 28, 2014.  Specifically, you
requested records pertaining to information sharing between state driver's license agencies and DHS or ICE
for immigration enforcement purposes.

The issue is not just limited to states that issue licenses regardless of immigration status. ICE has expressed a
broader intention to obtain and use state driver's license records and data for purposes of immigration
enforcement. E-mails obtained through a Freedom of Information Act
request by the ACLU of North Carolina, indicate that the ICE Atlanta office proposed a plan in 2012, that
ICE "HQ" ordered be implemented, to:
Reach out to the Investigations Division of each state's Department of Motor Vehicles/Driver's Services
Bureau to determine if:
1. A photo scrub for duplicate photos with different biographic information on file can be conducted and a list
of results provided to ERO;
2. A list of denied driver license applications (focusing on those with insufficient proof of residency) can be
provided to ERO;
3. A list of temporary driver licenses issued to foreign-born applicants can [sic] provided to ERO;
4. A list of any other applications containing indicators of fraud can be obtained

Request disclosure of records that were prepared, received, transmitted, collected and/or maintained by DHS
and ICE relating or referring to information sharing between state driver's license agencies (both
governmental and non-governmental) and ICE for immigration
enforcement purposes. These records include, but are not limited to:
1. DHS and ICE records from January 1, 2009 to the present regarding the criteria, mechanisms, and process

53

for ICE to gain access to or use state driver's license databases or records for immigration enforcement purposes.

2. DHS and ICE records, including but not limited to records concerning the National Law Enforcement Telecommunications System (NLETS), from January 1, 2009 to the present regarding the criteria, mechanisms, and process for DHS and ICE to obtain state driver's license records of individual driver's license applicants or license holders for immigration enforcement purposes.

3. DHS and ICE records from January I, 2009 to the present regarding any outreach to, agreements (whether formal or informal) with, or communications by DHS and ICE with state driver's license agencies regarding identification of driver's license applicants or driver' s license holders for immigration enforcement purposes.

4. DHS and ICE records from January 1, 2009 to the present regarding reporting by employees or agents of state driver's license agencies (both governmental and non governmental) to DHS and ICE of persons who are applying for or have been issued a driver's license and whom the employees or agents suspect of lacking federal authorization to be present in the United States.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request.  Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, the Department processes FOIA requests according to their order of receipt.  Although DHS' goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10-day extension of this time period.  As your request seeks numerous documents that will necessitate a thorough and wide-ranging search, DHS will invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. § 552(a)(6)(B).  If you care to narrow the scope of your request, please contact our office. We will make every effort to comply with your request in a timely manner; however, there are currently 1252 open requests ahead of yours.

As it relates to your fee waiver request, I have reviewed your letter thoroughly and have determined that you have not presented a convincing argument that NATIONAL IMMIGRATION LAW CENTER is entitled to a blanket waiver of fees.

The DHS FOIA Regulations, 6 CFR § 5.11(k)(2), set forth six factors to examine in determining whether the applicable legal standard for a fee waiver has been met.  We will consider these factors in our evaluation of your request for a fee waiver:

(1) Whether the subject of the requested records concerns "the operations or activities of the government;"
(2) Whether the disclosure is "likely to contribute" to an understanding of government operations or activities;
(3) Whether disclosure of the requested information will contribute to the understanding of the public at large, as opposed to the individual understanding of the requestor or a narrow segment of interested persons;

license records of individual driver's license applicants or license holders for immigration enforcement purposes.

3. DHS and ICE records from January I, 2009 to the present regarding any outreach to, agreements (whether formal or informal) with, or communications by DHS and ICE with state driver's license agencies regarding identification of driver's license applicants or driver' s license holders for immigration enforcement purposes.

4. DHS and ICE records from January 1, 2009 to the present regarding reporting by employees or agents of state driver's license agencies (both governmental and non governmental) to DHS and ICE of persons who are applying for or have been issued a driver's license and whom the employees or agents suspect of lacking federal authorization to be present in the United States.  Your request was received in this office on April 28, 2014.

As it relates to your request for expedited treatment, your request is denied.

Under the DHS FOIA regulations, expedited processing of a FOIA request is warranted if the request involves "circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual," 6 C.F.R. § 5.5(d)(1)(i), or "an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information," 6 C.F.R. § 5.5(d)(l)(ii).  Requesters that seek expedited processing must submit a statement explaining in detail the basis for the request, and that statement must be certified by the requester to be true and correct.  6 C.F.R. § 5.5(d)(3).

Your request for expedited processing is denied because you do not qualify for either category. You failed to demonstrate a particular urgency to inform the public about the government activity involved in the request beyond the public's right to know about government activity generally.  Your letter was conclusory in nature and did not present any facts to justify a grant of expedited processing under the applicable standards.

If you deem the decision to deny expedited treatment of your request an adverse determination, you may exercise your appeal rights.  Should you wish to do so, you must send your appeal and a copy of this letter within 60 days of receipt of this letter to:  Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528, following the procedures outlined in Subpart A, Section 5.9, of the DHS Regulations.  Your envelope and letter should be marked "Freedom of Information Act Appeal."  Copies of the DHS regulations are available at:  www.dhs.gov/foia.

We will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.

We have queried the appropriate component of ICE for responsive records.  If any responsive records are located, they will be reviewed for determination of releasability.  Please be assured that one of the processors in our office will respond to your request as expeditiously as possible.  We appreciate your patience as we proceed with your request.

Your request has been assigned reference number **2014FOIA16276'**.  Please refer to this identifier in any future correspondence.

You may contact this office at (866) 633-1182.  Our mailing address is 500 12th Street, S.W., Stop 5009, Washington, D.C. 20536-5009.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

# EXHIBIT F

U.S. Department of Homeland Security
500 12ᵗʰ ST. SW; STOP 5009
Washington, DC 20536-5009



U.S. Immigration
and Customs
Enforcement

July 16, 2014

Karen Tumlin
National Immigration Law Center
3435 Wilshire BLVD., Suite 2850
Los Angeles, CA 90010

Dear Sir or Madam:

The Department of Homeland Security has received your letter appealing the adverse determination of your Freedom of Information Act/Privacy Act (FOIA/PA) request by U.S. Immigration and Customs Enforcement seeking records pertaining to information sharing between state driver's license agencies and DHS or ICE for immigration enforcement purposes. Your appeal dated June 27, 2014 was received on June 30, 2014.

On behalf of the Chief for the Government Information Law Division, we acknowledge your appeal request of **2014FOIA16276** and are assigning it number **OPLA14-1313** for tracking purposes. Please reference this number in any future communications about your appeal.

A high number of FOIA/PA requests have been received by the Department.  Accordingly, we have adopted the court-sanctioned practice of generally handling backlogged appeals on a first-in, first-out basis.[1]  While we will make every effort to process your appeal on a timely basis, there may be some delay in resolving this matter.  Should you have any questions concerning the processing of your appeal, please contact ICE FOIA at (866) 633-1182, or by email at ice-foia@dhs.gov.

Sincerely,

Debbie Seguin
Chief
Government Information Law Division
ICE Office of the Principal Legal Advisor
Department of Homeland Security

---

[1] Appeals of expedited treatment denials will be handled on an expedited basis.

www.ice.gov

# EXHIBIT G



NATIONAL
IMMIGRATION
LAW CENTER

August 6, 2014


*Via UPS 2nd Day Air*

U.S. Immigration and Customs Enforcement
Office of Principal Legal Advisor
U.S. Department of Homeland Security
Freedom of Information Office
500 12th Street SW, Stop 5009
Washington, DC  20536-5009

**Re:    Freedom of Information Act (FOIA) Appeal
          ICE FOIA Case Number 2014FOIA16276**

Dear FOIA Officer:

This letter is an appeal of ICE's final response to our FOIA request.  This appeal is timely filed within the 60 days of your June 11, 2014 letter pursuant to 6 C.F.R. § 5.25. This appeal letter is separate from the administrative appeal letter sent by the National Immigration Law Center ("NILC") on June 27, 2014 appealing the response by FOIA Officer Catrina Pavlik-Keenan on April 30, 2014 which denied NILC's requests for a fee waiver, fee reduction, and expedited processing of the initial FOIA request sent on April 24, 2014.

This appeal stems from a request originally submitted by NILC on April 24, 2014 (the "Request"), seeking records related to information sharing between state driver's license agencies and the Department of Homeland Security (DHS) or Immigration and Customs Enforcement (ICE) for immigration enforcement purposes.  *See* Exhibit A, Letter from Karen Tumlin to Karen Neuman and Catrina Pavlik-Keenan, dated April 24, 2014.

In the initial request, NILC requested records that were prepared, received, transmitted, collected and/or maintained by DHS and ICE relating or referring to information sharing between state driver's license agencies (both governmental and non-governmental) and

www.nilc.org

LOS ANGELES (Headquarters)
3435 Wilshire Blvd., Suite 2850
Los Angeles, CA 90010
213 639-3900
213 639-3911 fax

WASHINGTON, DC
1121 14th Street, NW, Suite 200
Washington, DC 20005
202 216-0261
202 216-0266 fax

58

Freedom of Information Act (FOIA) Appeal;
ICE FOIA Case Number 2014FOIA16276
August 6, 2014
Page 2 of 3

ICE for immigration enforcement purposes.  Less than two months later, ICE responded stating that a "search of the ICE Office of Enforcement and Removal Operations (ERO) and Office of Homeland Security Investigations (HSI) was conducted and no records responsive to [the] request were found." *See* Exhibit B, Letter from Catrina M. Pavlik-Keenan to Karen Tumlin, dated June 11, 2014.

## **ICE Did Not Conduct An Adequate Search.**

ICE did not conduct an adequate search for the records responsive to the Request as required by 5 U.S.C. § 552(a)(3).  An agency must carry out a reasonable search for records responsive to the FOIA request. *See Oglesby v. Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) (establishing that an agency "must show that it made a good faith effort to conduct a search for the requested records").  It must show that its search was "reasonably calculated to uncover relevant documents." *Steinberg v. U.S. Dept. of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994).

First, it appears that the scope of the search was unduly narrow and was not reasonably calculated to uncover responsive documents.  ICE's final response states that its search was limited to ICE's Office of Enforcement and Removal Operations (ERO) and Office of Homeland Security Investigations (HSI).  However, the Request did not specify that the search should be limited to those offices. In fact, the Request referenced an article which quoted ICE spokesperson Gillian Christensen stating that ICE did not pursue proposals to gain access to driver's license records. *See* Exhibit A at 2.  At minimum, that media report indicates that the ICE Office of Public Affairs would have documents or other records regarding proposals to increase information sharing between DHS/ICE and state driver's license agencies that would be responsive to the Request.  Thus, a reasonable search should have, at minimum, included the Office of Public Affairs.  The request also referenced e-mails indicating that ICE Atlanta had proposed a plan, which ICE headquarters ordered to be implemented, that explored the option of seeking biographical information from state driver's license agencies for immigration purposes. *Id.*  A reasonable search thus should have encompassed, among other locations, the various ICE Field Offices (if these offices were not included in the initial ERO search), including the Atlanta field office, as well as the Office of the Director.

Second, even within the narrow universe of the search that ICE did conduct, records that should have been produced were not, providing further support that the search was inadequate.  At least some of these documents are already known to the requesters. For example, the request referenced e-mails obtained through a FOIA request by the ACLU

Freedom of Information Act (FOIA) Appeal;
ICE FOIA Case Number 2014FOIA16276
August 6, 2014
Page 3 of 3

of North Carolina indicating that the ICE Atlanta Field Office had proposed a plan to reach out to state driver's license agencies requesting, among other things, a list of denied driver's license applications, a list of temporary driver's licenses for foreign-born applicants, and a list of any other applications containing indicators of fraud. *Id.* The e-mail indicated that ICE headquarters ordered the plan to be implemented. These records and any related documents should have been produced to the requesters. These documents fall firmly within the scope of the Request as "records that were prepared, received, transmitted, collected and/or maintained by DHS and ICE" related to information sharing between DHS/ICE and state driver's license agencies. *See* Exhibit A.

Although an agency's failure to turn up a particular document in a search does not make the search inadequate per se, *see, e.g. Ancient Coin Collector's Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011), an agency's search must be "more than perfunctory" and must "follow through on obvious leads to discover requested documents." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (internal citation omitted). In this case, the fact that ICE's search failed to follow up on obvious leads identified in the Request indicates that it is likely that ICE's search for materials responsive to the Request was inadequate.

Please provide a response to this appeal within the twenty days allowed by 5 U.S.C. § 552(a)(6)(A)(ii).

If you have any questions, please contact me at tumlin@nilc.org or 213-674-2850. Thank you for your consideration of this appeal.

Sincerely,

/s/ Karen C. Tumlin
Karen C. Tumlin
Managing Attorney
NATIONAL IMMIGRATION LAW CENTER

KCT:ba

cc: Catrina M. Pavlik-Keenan
    Tanya Broder, Esq.
    Joan Friedland, Esq.

# Exhibit A



NATIONAL
IMMIGRATION
LAW CENTER

April 24, 2014

*Via Email and Certified Mail/Return Receipt*

Karen Neuman
Chief Privacy Officer/Chief FOIA Officer
THE PRIVACY OFFICE
U.S. Department of Homeland Security
245 Murray Lane SW, Stop-0655
Washington, D.C. 20528-0655
Email:  foia@hq.dhs.gov

Catrina Pavlik-Keenan
FOIA Officer
U.S. Immigration and Customs Enforcement
FREEDOM OF INFORMATION ACT OFFICE
500 12th Street, SW, Stop 5009
Washington, D.C. 20536-5009
Email:  ice-foia@dhs.gov

**Re:  Request under the Freedom of Information Act (FOIA)**

Dear FOIA Officers:

The National Immigration Law Center ("NILC"), the Requester, makes this request to the Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE") for information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., for records pertaining to information sharing between state driver's license agencies and DHS or ICE for immigration enforcement purposes.

**I. Background**

Eleven states, plus the District of Columbia and Puerto Rico, have enacted laws making individuals eligible for driver's licenses or driving privilege cards regardless of immigration status.  They have determined that issuance of licenses regardless of immigration status is essential to protecting public safety.[1]  Eight such laws were enacted just in 2013.  The numbers of persons expected to apply for licenses under the new laws is substantial.  In California alone about 1.4 million persons are expected to apply.[2]

---

[1] See, e.g., section 1 of AB 60, enacted in California in 2013, http://www.leginfo.ca.gov/pub/13-14/bill/asm/ab_0051-0100/ab_60_bill_20130912_amended_sen_v93.pdf.

[2] Ian Lovett, "California Driver's License Program Hits and Unexpected Hurdle," *The New York Times*, March 4, 2014, http://www.nytimes.com/2014/03/05/us/california-drivers-license-program-hits-an-unexpected-snag.html.

www.nilc.org

LOS ANGELES (Headquarters)
3435 Wilshire Blvd., Suite 2850
Los Angeles, CA 90010
213 639-3900
213 639-3911 fax

WASHINGTON, DC
1121 14th Street, NW, Suite 200
Washington, DC 20005
202 216-0261
202 216-0266 fax

62

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 2 of 7

But many immigrants fear that any information provided to state driver's license agencies will be shared with ICE, or that rogue police officers or other state employees and agents will use the fact that an individual possesses one of the licenses to call immigration authorities. At community meetings in California hosted by the Department of Motor Vehicles, participant after participant expressed fear that the new licenses could be used to deport them. As a Nevada Department of Motor Vehicles spokesman said regarding the new Nevada law, "There is a high level of distrust…People were convinced that no matter what we were saying, once we had them in our system, we would pass their information on and someone would be there to round them up."[3]

The issue is not just limited to states that issue licenses regardless of immigration status. ICE has expressed a broader intention to obtain and use state driver's license records and data for purposes of immigration enforcement. Emails obtained through a Freedom of Information Act request by the ACLU of North Carolina, indicate that the ICE Atlanta office proposed a plan in 2012, that ICE "HQ" ordered be implemented, to:

> Reach out to the Investigations Division of each state's Department of Motor Vehicles/Driver's Services Bureau to determine if:

1. A photo scrub for duplicate photos with different biographic information on file can be conducted and a list of results provided to ERO;

2. A list of denied driver license applications (focusing on those with insufficient proof of residency) can be provided to ERO;

3. A list of temporary driver licenses issued to foreign-born applicants can [sic] provided to ERO;

4. A list of any other applications containing indicators of fraud can be obtained.[4]

ICE subsequently denied implementing the plan,[5] leaving uncertainty among the public about ICE access to and use of driver's license records. ICE and DHS have not issued any reports or made available to the public information about when and under what circumstances state driver's license records and data are obtained and used.

---

[3] *Id.*

[4] http://www.documentcloud.org/documents/603861-ice-documents.html, available through Brad Heath, *Immigration Tactics Aimed at Boosting Deportations*, USA Today, Feb. 17, 2013, http://www.usatoday.com/story/news/nation/2013/02/14/immigration-criminal-deportation-targets/1919737/

[5] Brad Heath, *ICE Says It never Acted on Plans to Mine Driver Records*, USA Today, Feb. 15, 2013, http://www.usatoday.com/story/news/nation/2013/02/15/immigration-deportation-tactics/1923931/

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 3 of 7

## II. The FOIA Request

We request disclosure of records[6] that were prepared, received, transmitted, collected and/or maintained by DHS and ICE relating or referring to information sharing between state driver's license agencies (both governmental and non-governmental) and ICE for immigration enforcement purposes.  These records include, but are not limited to:

1. DHS and ICE records from January 1, 2009 to the present regarding the criteria, mechanisms, and process for ICE to gain access to or use state driver's license databases or records for immigration enforcement purposes.

2. DHS and ICE records, including but not limited to records concerning the National Law Enforcement Telecommunications System (NLETS), from January 1, 2009 to the present regarding the criteria, mechanisms, and process for DHS and ICE to obtain state driver's license records of individual driver's license applicants or license holders for immigration enforcement purposes.

3. DHS and ICE records from January 1, 2009 to the present regarding any outreach to, agreements (whether formal or informal) with, or communications by DHS and ICE with state driver's license agencies regarding identification of driver's license applicants or driver's license holders for immigration enforcement purposes.

4. DHS and ICE records from January 1, 2009 to the present regarding reporting by employees or agents of state driver's license agencies (both governmental and non-governmental) to DHS and ICE of persons who are applying for or have been issued a driver's license and whom the employees or agents suspect of lacking federal authorization to be present in the United States.

The Requester does not include in this request records related to state motor vehicle department use of the Systematic Alien Verification of Entitlements ("SAVE") system operated by United States Citizenship and Immigration Services ("USCIS") to verify the immigration status of driver's license applicants.

---

[6] The term "records" as used herein includes but is not limited to all records or communications preserved in electronic or written form, including but not limited to correspondence, including but not limited to intra-governmental correspondence, documents, data, videotapes, audio tapes, faxes, files, forms, e-mails, guidance, guidelines, evaluations, legal opinions, instructions, analyses, directives, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, technical manuals, technical specifications, training manuals, questionnaires, studies, including records kept in written form, or electronic format on computers and/or other electronic storage devices, electronic communications and/or video tapes, or any other sub- regulatory guidance.

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 4 of 7


## Waiver of Costs

We request a waiver of all costs pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) ("Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the Requester."). The public interest/benefit fee waiver provisions of the FOIA are to be "liberally construed" and are "consistently associated with requests from journalists, scholars, and non-profit interest groups who it was intended to benefit." *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of fee waivers for noncommercial requesters.'") (citation omitted); *see also* 6 C.F.R. § 5.11(k).

Further, Congress has provided that a "minimal showing" is all that is necessary for an agency to grant a FOIA fee waiver.

> [T]he legislative history . . . demonstrates that Congress intended independent researchers, journalists, and public interest watchdog groups to have inexpensive access to government records in order to provide the type of public disclosure believed essential to our society. Moreover, in the 1986 amendments to FOIA, Congress ensured that when such requesters demonstrated a minimal showing of their legitimate intention to use the requested information in a way that contributes to public understanding of the operations of government agencies, no fee attaches to their request.

*Institute for Wildlife Protection v. U.S. Fish & Wildlife Serv.*, 290 F. Supp. 2d 1226, 1232 (D. Or. 2003).

The Ninth Circuit has interpreted the requisite "minimal showing" in noting "if a non-profit organization has 'identified why they wanted the administrative record, what they intended to do with it, to whom they planned on distributing it, and the [relevant] expertise of their membership,' then a waiver is appropriate." *Ctr. For Biological Diversity v. Office of Mgmt. & Budget*, 546 F. Supp. 2d 722, 727 (N.D. Cal. 2008) (quoting *Friends of the Coast Fork v. U.S. Dep't of the Interior*, 110 F.3d 53, 55 (9th Cir. 1997)).

NILC is a nonprofit national legal advocacy organization that engages in policy analysis, advocacy, education, and litigation to promote and advance the rights of low-income immigrants and their families. NILC serves as an important resource to a broad range of immigrant advocacy groups, community organizations, legal service organizations, and the general public. As a part of its work, NILC disseminates information to the public through electronic newsletters, news alerts, issue briefs, trainings, and other educational and informational materials. In addition, NILC disseminates information to individuals, tax-exempt organizations,

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 5 of 7

not-for-profit groups, and members through its website at http://www.nilc.org.
NILC has done extensive work for many years in preparing and disseminating research, fact sheets, analyses, toolkits, comments on regulations, and opinion pieces about state and federal driver's license issues and the interplay with immigration enforcement.  In recognition of NILC's expertise on driver's license issues, DHS appointed a NILC staff attorney to the Negotiated Rulemaking Advisory Committee on Minimum Standards for Driver's Licenses and Personal Identification Cards authorized by section 7212 of the Intelligence Reform and Terrorism Prevention Act of 2004.  NILC devotes a significant portion of its website to state and federal driver's license issues and the relationship with immigration enforcement.  *See* http://nilc.org/driverlicenses.html.

It is NILC's intent to synthesize and disseminate the information produced by this FOIA request in a manner that is accessible to a broad public audience.  NILC has synthesized and disseminated information from prior FOIA requests in the past to facilitate the sharing of this information with a broad public audience.  *See* Deportation Without Due Process, report by NILC, Western State Immigration Clinic & Stanford Law School Immigrants' Rights Clinic summarizing 20,000 pages of FOIA documents, available at http://nilc.org/pubs.html.

The records requested are not sought for commercial use, and the Requester, a non-profit organization, plans to disseminate the disclosed information to the public at no cost. *See* 6 C.F.R. § 5.11(k).  Disclosure of the requested records is likely to contribute significantly to public understanding of the operations and activities of the government regarding access to and use of state driver's license records in immigration enforcement. The requested information is of great interest to the public at large, but it is not available in the public domain.

NILC has the capacity, intent, and legal expertise to review, analyze, and synthesize the requested information and make it accessible to a broad public audience.  Public education is a cornerstone of NILC's work.  NILC uses many approaches in disseminating information for the public's benefit, including sharing information with local, regional and national media through press releases and media interviews, publishing reports and memoranda through internet websites and email to individuals and organizations working on immigration issues, and creating and disseminating materials to educate the public about federal immigration laws and policies. NILC's website receives nearly 6,500 visits per day, and many visitors actively download our reports, brochures, and fact sheets.  NILC's email listserv has about 18,000 subscribers.  NILC will post at least a summary of the information obtained through this FOIA on its website.  NILC also has regular contact with national print and news media and plans to share information gleaned from FOIA disclosures with interested media.

For all of these reasons, disclosure of the requested records is required by the FOIA and a total fee waiver is justified.  If the fee waiver request is denied, while reserving our right to appeal the denial, we will pay fees up to $25.00.  If you estimate that the fees will exceed this limit, please

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 6 of 7

inform us.

**IV. Limitation of Processing Fees and Waiver of Search and Review Fees**

In the event that the request for waiver of all costs is denied, we request a limitation of processing fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) ("fees shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by ... a representative of the news media ..."). One of NILC's primary functions is to analyze, synthesize, and disseminate information to the public just as the news media does. Notably, a non-profit organization such as the Requester is routinely deemed to be a representative of the news media under this portion of the FOIA. *See, e.g.*, *ACLU of Washington v. Dept. of Justice*, 2011WL 887731, *10 (W.D. Wash. 2011). In fact, NILC is frequently the primary reporter to the public about important changes and developments in immigration laws and government policies. *See, e.g.*, Karen Tumlin et al., A Broken System: Confidential Reports Reveal Failure in U.S. Immigration Detention Centers (July 2009), available at http://nilc.org/pubs.html; *see also* http://www.nilc.org/newsreleases.html (News releases and NILC statements informing the public about new developments). The information requested under the FOIA here is not sought for a commercial purpose as it is the Requester's intent to synthesize and disseminate the information received through this FOIA request to a broad public audience.

**V. Request for Expedited Processing**

Expedited processing is warranted because there is "an urgency to inform the public about an actual or alleged federal government activity" by organizations "primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II). This request implicates a matter of urgent public concern, namely, the use of state driver's licenses records and data for immigration enforcement. There is "an urgency to inform the public" about this government activity because the possibility that information provided to driver's license agencies may discourage eligible persons from applying for licenses. Obtaining a driver's license is a matter of public safety.

**VI. Request for Release of All Responsive Records**

We believe that all of the records requested are subject to disclosure, and we request prompt processing and release of this information. We also request a complete list of documents covered by the request. We expect that all records will be provided in complete form. To the extent that any requested records are marked classified or withheld subject to FOIA exemptions, please redact only the necessary portions of those records and immediately provide us with the remaining portions. If any records are withheld, please state the exemption applied to withhold the documents and provide a list of the withheld records. If you deny this request in whole or in part, please provide a written explanation for that denial, including reference to the specific

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 7 of 7

statutory provisions upon which you rely, and notify us of appeal procedures available under the law.

## VII. Conclusion

We look forward to a written response to this FOIA Request by the close of the statutory time period, which is within 20 working days of your receipt of this letter. *See* 5 U.S.C. § 552(a)(6)(A)(ii).  Without waiving any other appeal rights, we reserve the right to appeal a constructive denial of this Request as well as decisions to deny expedited processing, to withhold any information, to deny a waiver of fees, or to deny a limitation of processing fees.  We also reserve the right to challenge the adequacy of the search for responsive documents and any redactions in the materials produced in response to this request. Please provide us responsive documents as soon as they are identified.  If you have any questions, please contact me at tumlin@nilc.org or (213) 674-2850.

Sincerely,

/s/ Karen C. Tumlin
Karen C. Tumlin
Managing Attorney
NATIONAL IMMIGRATION LAW CENTER

KCT:ba

cc:  Tanya Broder, Esq.
     Joan Friedland, Esq.

# Exhibit B



U.S. Department of Homeland Security
500 12th Street S.W., Stop 5009
Washington, D.C. 20536-5009

**U.S. Immigration
and Customs
Enforcement**

June 11, 2014

KAREN TUMLIN
NATIONAL IMMIGRATION LAW CENTER
3435 WILSHIRE BLVD, SUITE 2850
LOS ANGELES, CA  90010

Re:  **ICE FOIA Case Number 2014FOIA16276**

Dear Ms. Tumlin:

This is the final response to your Freedom of Information Act (FOIA) request, dated April 24, 2014, to the Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), for records pertaining to information sharing between state driver's license agencies and DHS or ICE for immigration enforcement purposes.

To provide you with the greatest degree of access authorized by law, we have considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.  Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual[1] unless the agency has exempted the system of records from the access provisions of the Privacy Act.[2]

A search of the ICE Office of Enforcement and Removal Operations (ERO) and Office of Homeland Security Investigations (HSI) was conducted and no records responsive to your request were found.

You have the right to appeal ICE's withholding determination.  Should you wish to do so, send your appeal and a copy of this letter to:  U.S. Immigration Customs Enforcement, Office of Principal Legal Advisor, U.S. Department of Homeland Security, Freedom of Information Office, 500 12th Street, S.W., Stop 5009 Washington, D.C. 20536-5009, following the procedures outlined in the DHS regulations at 6 C.F.R. § 5.9.  Your appeal must be received within 60 days of the date of this letter.  Your envelope and letter should be marked "FOIA Appeal."  Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

---

[1] 5 U.S.C. § 552a(d)(1).
[2] 5 U.S.C. §§ 552a(d)(5), (j), and (k).

**70**

Provisions of the FOIA and Privacy Act allow us to recover part of the cost of complying with your request.  In this instance, because the cost is below the $14 minimum, there is no charge.[3]

If you need to contact our office about this matter, please refer to case number **2014FOIA16276**. This office can be reached at (866) 633-1182.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

---

[3] 6 CFR § 5.11(d)(4).

# EXHIBIT H



Karen Tumlin
National Immigration Law Center
3435 Wilshire Blvd, Suite 2850
Los Angeles, CA 90010

U.S. Immigration
and Customs
Enforcement

500 12th Street SW; MS 5009
Washington, DC 20536-5009



U.S. Department of Homeland Security
500 12th St. SW; STOP 5009
Washington, DC 20536-5009

**U.S. Immigration
and Customs
Enforcement**

September 8, 2014

Karen Tumlin
National Immigration Law Center
3435 Wilshire Blvd. Suite 2850
Los Angeles, CA 90010

### RE: OPLA14-1355, 2014FOIA16276

Dear Ms. Tumlin:

This is in response to your letter dated August 6, 2014, received on August 11, 2014, appealing U.S. Immigration and Customs Enforcement's (ICE) response to your Freedom of Information Act/Privacy Act (FOIA/PA) request. Your FOIA/PA request asked for records pertaining to information sharing between state driver's license agencies and DHS or ICE for immigration enforcement purposes. It appears you are appealing the adequacy of the agency's search.

As was explained in ICE FOIA's letter dated June 11, 2014, a search of the ICE Office of Enforcement and Removal Operations (ERO) and Office Homeland Security Investigations (HSI) was conducted and did not locate any records responsive to your request. However, it is likely that additional responsive records may be found in locations the agency has not yet searched. We are therefore remanding your appeal to ICE FOIA for processing and re-tasking to the appropriate agency/office(s) to obtain any responsive documents.

Should you have any questions regarding this appeal closure, please contact ICE at ice-foia@dhs.gov. In the subject line of the email please include your appeal number, which is **OPLA14-1355,** and the FOIA case number, which is **2014FOIA16276.**

Sincerely,

Debbie Seguin
Chief
Government Information Law Division
ICE Office of the Principal Legal Advisor
Department of Homeland Security

**73**

# EXHIBIT I



**NATIONAL IMMIGRATION LAW CENTER**

October 13, 2014

*Via Fax and UPS Next Day Air*

Associate General Counsel (General Law)
U.S. Department of Homeland Security
245 Murray Lane SW, Mailstop 3650
Washington, D.C. 20528
Fax: 202-282-9186

**Re: Freedom of Information Act Appeal-2014FOIA16276**

Dear Madam or Sir:

This is an appeal under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(6).  On April 24, 2014, the National Immigration Law Center (NILC) sent a FOIA request to the Department of Homeland Security (DHS) and Immigration and Customs Enforcement (ICE) seeking records relating to information sharing between state driver's license agencies and ICE for immigration enforcement purposes.  A copy of the request is attached hereto as Exhibit A.

On April 30, 2014, DHS acknowledged receipt of our request, denied our requests for expedited processing and a fee waiver, and invoked the ten (10) day extension of the statutory time limit for response to our request pursuant to 5 U.S.C. § 552(a)(6)(B).  A copy of the response is attached hereto as Exhibit B.  Requestors timely filed an appeal of DHS's denial of expedited processing and a fee waiver on June 27, 2014.  A copy of the appeal is attached hereto as Exhibit C (*without exhibits*).

Under FOIA, an agency's failure to respond within the statutory time limit of twenty (20) working days, or thirty (30) working days in the case of a ten-day extension, may be treated as a denial.  5 U.S.C. § 552(a)(6)(A).  DHS's response to our request became due on June 5, 2014.  To date, and over four months after that deadline, our office has not received any records in response to our request, a list of possibly responsive documents, or a timeline for processing and release of responsive documents.  Therefore, due to DHS's failure to respond within the prescribed time limit, we hereby appeal the denial of our FOIA request.

www.nilc.org

**LOS ANGELES (Headquarters)**
3435 Wilshire Blvd., Suite 2850
Los Angeles, CA 90010
213 639-3900
213 639-3911 fax

**WASHINGTON, DC**
1121 14th Street, NW, Suite 200
Washington, DC 20005
202 216-0261
202 216-0266 fax

**74**

Freedom of Information Act Appeal – 2014FOIA16276
October 13, 2014
Page 2 of 2

The information sought by Requestors will help resolve the current public confusion and fear regarding whether information submitted in pursuit of a state driver's license is ultimately shared with ICE. *See* "Raid spurs fear of driver's licenses among immigrants," Baltimore Sun, Sept. 20, 2014, http://www.baltimoresun.com/news/maryland/bs-md-immigrant-licenses-20140920,0,1398217.story#ixzz3FOkwX8Go; "License application leads to immigration bust," Chicago Tribune, Sept. 8, 2014, http://www.chicagotribune.com/news/ct-drivers-license-deportation-met-20140908-story.html#page=1.  Requestors are also aware of records released pursuant to a prior FOIA request by the ACLU of North Carolina related to this topic and therefore believe that additional responsive records exist.

More than five months have passed since NILC made its FOIA request and requested expedited processing.  This is a matter of urgent public concern and confusion and yet NILC has yet to receive any substantive response to its request.

We believe that all of the records responsive to our request are subject to disclosure, and we request prompt processing and release.  If any records are withheld, please state the exemption claimed and provide a list of the records being withheld.  We reserve our right to a judicial appeal should DHS fail to conduct an adequate search and disclose all records responsive to our request.

We look forward to a written response within the statutory time period of within twenty (20) working days of your receipt of this appeal letter.  5 U.S.C. § 552(a)(6)(A)(ii). If you have any questions, please contact me at (213) 674-2820 or keaney@nilc.org. Thank you for your consideration of this appeal.

Sincerely,

/s/ Melissa S. Keaney
Melissa S. Keaney

Staff Attorney
NATIONAL IMMIGRATION LAW CENTER

MSK:bar

cc: Karen C. Tumlin, Esq.
    Tanya Broder, Esq.
    Joan Friedland, Esq.

# Exhibit A



NATIONAL
IMMIGRATION
LAW CENTER

April 24, 2014

*Via Email and Certified Mail/Return Receipt*

Karen Neuman                                     Catrina Pavlik-Keenan
Chief Privacy Officer/Chief FOIA Officer         FOIA Officer
THE PRIVACY OFFICE                               U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security             FREEDOM OF INFORMATION ACT OFFICE
245 Murray Lane SW, Stop-0655                    500 12th Street, SW, Stop 5009
Washington, D.C. 20528-0655                      Washington, D.C. 20536-5009
Email:  foia@hq.dhs.gov                          Email:  ice-foia@dhs.gov

**Re:  Request under the Freedom of Information Act (FOIA)**

Dear FOIA Officers:

The National Immigration Law Center ("NILC"), the Requester, makes this request to the Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE") for information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., for records pertaining to information sharing between state driver's license agencies and DHS or ICE for immigration enforcement purposes.

**I. Background**

Eleven states, plus the District of Columbia and Puerto Rico, have enacted laws making individuals eligible for driver's licenses or driving privilege cards regardless of immigration status.  They have determined that issuance of licenses regardless of immigration status is essential to protecting public safety.[1]  Eight such laws were enacted just in 2013.  The numbers of persons expected to apply for licenses under the new laws is substantial.  In California alone about 1.4 million persons are expected to apply.[2]

---

[1] See, e.g., section 1 of AB 60, enacted in California in 2013, http://www.leginfo.ca.gov/pub/13-14/bill/asm/ab_0051-0100/ab_60_bill_20130912_amended_sen_v93.pdf.

[2] Ian Lovett, "California Driver's License Program Hits and Unexpected Hurdle," *The New York Times*, March 4, 2014, http://www.nytimes.com/2014/03/05/us/california-drivers-license-program-hits-an-unexpected-snag.html.

www.nilc.org

**LOS ANGELES (Headquarters)**
3435 Wilshire Blvd., Suite 2850
Los Angeles, CA 90010
213 639-3900
213 639-3911 fax

**WASHINGTON, DC**
1121 14th Street, NW, Suite 200
Washington, DC 20005
202 216-0261
202 216-0266 fax

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 2 of 7

But many immigrants fear that any information provided to state driver's license agencies will be shared with ICE, or that rogue police officers or other state employees and agents will use the fact that an individual possesses one of the licenses to call immigration authorities. At community meetings in California hosted by the Department of Motor Vehicles, participant after participant expressed fear that the new licenses could be used to deport them. As a Nevada Department of Motor Vehicles spokesman said regarding the new Nevada law, "There is a high level of distrust…People were convinced that no matter what we were saying, once we had them in our system, we would pass their information on and someone would be there to round them up."[3]

The issue is not just limited to states that issue licenses regardless of immigration status. ICE has expressed a broader intention to obtain and use state driver's license records and data for purposes of immigration enforcement. Emails obtained through a Freedom of Information Act request by the ACLU of North Carolina, indicate that the ICE Atlanta office proposed a plan in 2012, that ICE "HQ" ordered be implemented, to:

> Reach out to the Investigations Division of each state's Department of Motor Vehicles/Driver's Services Bureau to determine if:

1. A photo scrub for duplicate photos with different biographic information on file can be conducted and a list of results provided to ERO;

2. A list of denied driver license applications (focusing on those with insufficient proof of residency) can be provided to ERO;

3. A list of temporary driver licenses issued to foreign-born applicants can [sic] provided to ERO;

4. A list of any other applications containing indicators of fraud can be obtained.[4]

ICE subsequently denied implementing the plan,[5] leaving uncertainty among the public about ICE access to and use of driver's license records. ICE and DHS have not issued any reports or made available to the public information about when and under what circumstances state driver's license records and data are obtained and used.

---

[3] Id.

[4] http://www.documentcloud.org/documents/603861-ice-documents.html, available through Brad Heath, Immigration Tactics Aimed at Boosting Deportations, USA Today, Feb. 17, 2013, http://www.usatoday.com/story/news/nation/2013/02/14/immigration-criminal-deportation-targets/1919737/

[5] Brad Heath, ICE Says It never Acted on Plans to Mine Driver Records, USA Today, Feb. 15, 2013, http://www.usatoday.com/story/news/nation/2013/02/15/immigration-deportation-tactics/1923931/

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 3 of 7

## II. The FOIA Request

We request disclosure of records[6] that were prepared, received, transmitted, collected and/or maintained by DHS and ICE relating or referring to information sharing between state driver's license agencies (both governmental and non-governmental) and ICE for immigration enforcement purposes. These records include, but are not limited to:

1. DHS and ICE records from January 1, 2009 to the present regarding the criteria, mechanisms, and process for ICE to gain access to or use state driver's license databases or records for immigration enforcement purposes.

2. DHS and ICE records, including but not limited to records concerning the National Law Enforcement Telecommunications System (NLETS), from January 1, 2009 to the present regarding the criteria, mechanisms, and process for DHS and ICE to obtain state driver's license records of individual driver's license applicants or license holders for immigration enforcement purposes.

3. DHS and ICE records from January 1, 2009 to the present regarding any outreach to, agreements (whether formal or informal) with, or communications by DHS and ICE with state driver's license agencies regarding identification of driver's license applicants or driver's license holders for immigration enforcement purposes.

4. DHS and ICE records from January 1, 2009 to the present regarding reporting by employees or agents of state driver's license agencies (both governmental and non-governmental) to DHS and ICE of persons who are applying for or have been issued a driver's license and whom the employees or agents suspect of lacking federal authorization to be present in the United States.

The Requester does not include in this request records related to state motor vehicle department use of the Systematic Alien Verification of Entitlements ("SAVE") system operated by United States Citizenship and Immigration Services ("USCIS") to verify the immigration status of driver's license applicants.

---

[6] The term "records" as used herein includes but is not limited to all records or communications preserved in electronic or written form, including but not limited to correspondence, including but not limited to intra-governmental correspondence, documents, data, videotapes, audio tapes, faxes, files, forms, e-mails, guidance, guidelines, evaluations, legal opinions, instructions, analyses, directives, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, technical manuals, technical specifications, training manuals, questionnaires, studies, including records kept in written form, or electronic format on computers and/or other electronic storage devices, electronic communications and/or video tapes, or any other sub- regulatory guidance.

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 4 of 7


**Waiver of Costs**

We request a waiver of all costs pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) ("Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the Requester."). The public interest/benefit fee waiver provisions of the FOIA are to be "liberally construed" and are "consistently associated with requests from journalists, scholars, and non-profit interest groups who it was intended to benefit." *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of fee waivers for noncommercial requesters.'") (citation omitted); *see also* 6 C.F.R. § 5.11(k).

Further, Congress has provided that a "minimal showing" is all that is necessary for an agency to grant a FOIA fee waiver.

> [T]he legislative history . . . demonstrates that Congress intended independent researchers, journalists, and public interest watchdog groups to have inexpensive access to government records in order to provide the type of public disclosure believed essential to our society. Moreover, in the 1986 amendments to FOIA, Congress ensured that when such requesters demonstrated a minimal showing of their legitimate intention to use the requested information in a way that contributes to public understanding of the operations of government agencies, no fee attaches to their request.

*Institute for Wildlife Protection v. U.S. Fish & Wildlife Serv.*, 290 F. Supp. 2d 1226, 1232 (D. Or. 2003).

The Ninth Circuit has interpreted the requisite "minimal showing" in noting "if a non- profit organization has 'identified why they wanted the administrative record, what they intended to do with it, to whom they planned on distributing it, and the [relevant] expertise of their membership,' then a waiver is appropriate." *Ctr. For Biological Diversity v. Office of Mgmt. & Budget*, 546 F. Supp. 2d 722, 727 (N.D. Cal. 2008) (quoting *Friends of the Coast Fork v. U.S. Dep't of the Interior*, 110 F.3d 53, 55 (9th Cir. 1997)).

NILC is a nonprofit national legal advocacy organization that engages in policy analysis, advocacy, education, and litigation to promote and advance the rights of low-income immigrants and their families. NILC serves as an important resource to a broad range of immigrant advocacy groups, community organizations, legal service organizations, and the general public. As a part of its work, NILC disseminates information to the public through electronic newsletters, news alerts, issue briefs, trainings, and other educational and informational materials. In addition, NILC disseminates information to individuals, tax-exempt organizations,

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 5 of 7

not-for-profit groups, and members through its website at http://www.nilc.org.
NILC has done extensive work for many years in preparing and disseminating research, fact sheets, analyses, toolkits, comments on regulations, and opinion pieces about state and federal driver's license issues and the interplay with immigration enforcement.  In recognition of NILC's expertise on driver's license issues, DHS appointed a NILC staff attorney to the Negotiated Rulemaking Advisory Committee on Minimum Standards for Driver's Licenses and Personal Identification Cards authorized by section 7212 of the Intelligence Reform and Terrorism Prevention Act of 2004.  NILC devotes a significant portion of its website to state and federal driver's license issues and the relationship with immigration enforcement.  *See* http://nilc.org/driverlicenses.html.

It is NILC's intent to synthesize and disseminate the information produced by this FOIA request in a manner that is accessible to a broad public audience.  NILC has synthesized and disseminated information from prior FOIA requests in the past to facilitate the sharing of this information with a broad public audience.  *See* Deportation Without Due Process, report by NILC, Western State Immigration Clinic & Stanford Law School Immigrants' Rights Clinic summarizing 20,000 pages of FOIA documents, available at http://nilc.org/pubs.html.

The records requested are not sought for commercial use, and the Requester, a non-profit organization, plans to disseminate the disclosed information to the public at no cost. *See* 6 C.F.R. § 5.11(k).  Disclosure of the requested records is likely to contribute significantly to public understanding of the operations and activities of the government regarding access to and use of state driver's license records in immigration enforcement. The requested information is of great interest to the public at large, but it is not available in the public domain.

NILC has the capacity, intent, and legal expertise to review, analyze, and synthesize the requested information and make it accessible to a broad public audience.  Public education is a cornerstone of NILC's work.  NILC uses many approaches in disseminating information for the public's benefit, including sharing information with local, regional and national media through press releases and media interviews, publishing reports and memoranda through internet websites and email to individuals and organizations working on immigration issues, and creating and disseminating materials to educate the public about federal immigration laws and policies. NILC's website receives nearly 6,500 visits per day, and many visitors actively download our reports, brochures, and fact sheets.  NILC's email listserv has about 18,000 subscribers.  NILC will post at least a summary of the information obtained through this FOIA on its website.  NILC also has regular contact with national print and news media and plans to share information gleaned from FOIA disclosures with interested media.

For all of these reasons, disclosure of the requested records is required by the FOIA and a total fee waiver is justified.  If the fee waiver request is denied, while reserving our right to appeal the denial, we will pay fees up to $25.00.  If you estimate that the fees will exceed this limit, please

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 6 of 7

inform us.

## IV. Limitation of Processing Fees and Waiver of Search and Review Fees

In the event that the request for waiver of all costs is denied, we request a limitation of processing fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) ("fees shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by ... a representative of the news media ..."). One of NILC's primary functions is to analyze, synthesize, and disseminate information to the public just as the news media does. Notably, a non-profit organization such as the Requester is routinely deemed to be a representative of the news media under this portion of the FOIA. *See, e.g.*, *ACLU of Washington v. Dept. of Justice*, 2011WL 887731, *10 (W.D. Wash. 2011). In fact, NILC is frequently the primary reporter to the public about important changes and developments in immigration laws and government policies. *See, e.g.*, Karen Tumlin et al., A Broken System: Confidential Reports Reveal Failure in U.S. Immigration Detention Centers (July 2009), available at http://nilc.org/pubs.html; *see also* http://www.nilc.org/newsreleases.html (News releases and NILC statements informing the public about new developments). The information requested under the FOIA here is not sought for a commercial purpose as it is the Requester's intent to synthesize and disseminate the information received through this FOIA request to a broad public audience.

## V. Request for Expedited Processing

Expedited processing is warranted because there is "an urgency to inform the public about an actual or alleged federal government activity" by organizations "primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II). This request implicates a matter of urgent public concern, namely, the use of state driver's licenses records and data for immigration enforcement. There is "an urgency to inform the public" about this government activity because the possibility that information provided to driver's license agencies may discourage eligible persons from applying for licenses. Obtaining a driver's license is a matter of public safety.

## VI. Request for Release of All Responsive Records

We believe that all of the records requested are subject to disclosure, and we request prompt processing and release of this information. We also request a complete list of documents covered by the request. We expect that all records will be provided in complete form. To the extent that any requested records are marked classified or withheld subject to FOIA exemptions, please redact only the necessary portions of those records and immediately provide us with the remaining portions. If any records are withheld, please state the exemption applied to withhold the documents and provide a list of the withheld records. If you deny this request in whole or in part, please provide a written explanation for that denial, including reference to the specific

FOIA Request to U.S. Department of Homeland Security;
U.S. Immigration and Customs Enforcement
April 24, 2014
Page 7 of 7

statutory provisions upon which you rely, and notify us of appeal procedures available under the law.

## VII. Conclusion

We look forward to a written response to this FOIA Request by the close of the statutory time period, which is within 20 working days of your receipt of this letter. *See* 5 U.S.C. § 552(a)(6)(A)(ii). Without waiving any other appeal rights, we reserve the right to appeal a constructive denial of this Request as well as decisions to deny expedited processing, to withhold any information, to deny a waiver of fees, or to deny a limitation of processing fees. We also reserve the right to challenge the adequacy of the search for responsive documents and any redactions in the materials produced in response to this request. Please provide us responsive documents as soon as they are identified. If you have any questions, please contact me at tumlin@nilc.org or (213) 674-2850.

Sincerely,

/s/ Karen C. Tumlin
Karen C. Tumlin
Managing Attorney
NATIONAL IMMIGRATION LAW CENTER

KCT:ba

cc: Tanya Broder, Esq.
    Joan Friedland, Esq.

# Exhibit B

U.S. Department of Homeland Security
Washington, DC 20536-5009



**U.S. Immigration and Customs Enforcement**

April 30, 2014

KAREN TUMLIN
NATIONAL IMMIGRATION LAW CENTER
3435 WILSHIRE BLVD, STE. 2850
LOS ANGELES, CA  90010

**Re: 2014FOIA16276**

Dear Ms. Tumlin:

This acknowledges receipt of your April 24, 2014 Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement(ICE),  seeking records pertaining to information sharing between state driver's license agencies and DHS or ICE for immigration enforcement purposes.

The issue is not just limited to states that issue licenses regardless of immigration status. ICE has expressed a broader intention to obtain and use state driver's license records and data for purposes of immigration enforcement. E-mails obtained through a Freedom of Information Act request by the ACLU of North Carolina, indicate that the ICE Atlanta office proposed a plan in 2012, that ICE "HQ" ordered be implemented, to:
Reach out to the Investigations Division of each state's Department of Motor Vehicles/Driver's Services Bureau to determine if:
1. A photo scrub for duplicate photos with different biographic information on file can be conducted and a list of results provided to ERO;
2. A list of denied driver license applications (focusing on those with insufficient proof of residency) can be provided to ERO;
3. A list of temporary driver licenses issued to foreign-born applicants can [sic] provided to ERO;
4. A list of any other applications containing indicators of fraud can be obtained

Request disclosure of records that were prepared, received, transmitted, collected and/or maintained by DHS and ICE relating or referring to information sharing between state driver's license agencies (both governmental and non-governmental) and ICE for immigration enforcement purposes. These records include, but are not limited to:
1. DHS and ICE records from January I, 2009 to the present regarding the criteria, mechanisms, and process for ICE to gain access to or use state driver's license databases or records for immigration enforcement purposes.
2. DHS and ICE records, including but not limited to records concerning the National Law Enforcement Telecommunications System (NLETS), from January 1, 2009 to the present regarding the criteria, mechanisms, and process for DHS and ICE to obtain state driver's

(4) Whether the contribution to public understanding of government operations or activities will be "significant;"
(5) Whether the requester has a commercial interest that would be furthered by the requested disclosure; and
(6) Whether the magnitude of any identified commercial interest to the requestor is sufficiently large in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requestor.

As a requester, you bear the burden under the FOIA of showing that the fee waiver requirements have been met. Based on my review of your April 24, 2014 letter and for the reasons stated herein, I have determined that your fee waiver request is deficient because you failed to meet factors 3, 4, 5 and 6 Since your request for a fee waiver has failed to satisfy each of the required factors, I am denying your fee waiver request.

Provisions of the Act allow us to recover part of the cost of complying with your request. We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requestors. As a non-commercial requestor you will be charged 10-cents a page for duplication, although the first 100 pages are free, as are the first two hours of search time, after which you will pay the per quarter-hour rate ($4.00, $7.00, $10.25) of the searcher. We will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.

You have the right to appeal the determination to deny your fee waiver request. Should you wish to do so, you must **send your appeal within 60 days of the date of this letter to**: Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528, following the procedures outlined in Subpart A, Section 5.9, of the DHS Regulations. Your envelope and letter should be marked "Freedom of Information Act Appeal." The implementing Department regulations establish the criteria under which the FOIA is administered. Copies of the FOIA and regulations are available at www.DHS.gov.

Your request has been assigned reference number **2014FOIA16276**. Please refer to this identifier in any future correspondence. If you have any questions, or would like to discuss this matter, please feel free to contact this office at (866) 633-1182.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer



U.S. Department of Homeland Security
Washington, DC 20536-5009

U.S. Immigration
and Customs
Enforcement

April 30, 2014

KAREN TUMLIN
NATIONAL IMMIGRATION LAW CENTER
3435 WILSHIRE BLVD, STE. 2850
LOS ANGELES, CA  90010

**Re: 2014FOIA16276**

Dear Ms. Tumlin:

This acknowledges receipt of your April 24, 2014, Freedom of Information Act (FOIA) request to the Immigration and Customs Enforcement (ICE), for records pertaining to information sharing between state driver's license agencies and DHS or ICE for immigration enforcement purposes.

The issue is not just limited to states that issue licenses regardless of immigration status. ICE has expressed a broader intention to obtain and use state driver's license records and data for purposes of immigration enforcement. E-mails obtained through a Freedom of Information Act
request by the ACLU of North Carolina, indicate that the ICE Atlanta office proposed a plan in 2012, that ICE "HQ" ordered be implemented, to:
Reach out to the Investigations Division of each state's Department of Motor Vehicles/Driver's Services Bureau to determine if:
1. A photo scrub for duplicate photos with different biographic information on file can be conducted and a list of results provided to ERO;
2. A list of denied driver license applications (focusing on those with insufficient proof of residency) can be provided to ERO;
3. A list of temporary driver licenses issued to foreign-born applicants can [sic] provided to ERO;
4. A list of any other applications containing indicators of fraud can be obtained

Request disclosure of records that were prepared, received, transmitted, collected and/or maintained by DHS and ICE relating or referring to information sharing between state driver's license agencies (both governmental and non-governmental) and ICE for immigration
enforcement purposes. These records include, but are not limited to:
1. DHS and ICE records from January 1, 2009 to the present regarding the criteria, mechanisms, and process for ICE to gain access to or use state driver's license databases or records for immigration enforcement purposes.
2. DHS and ICE records, including but not limited to records concerning the National Law Enforcement Telecommunications System (NLETS), from January 1, 2009 to the present regarding the criteria,

mechanisms, and process for DHS and ICE to obtain state driver's
license records of individual driver's license applicants or license holders for immigration enforcement
purposes.

3. DHS and ICE records from January 1, 2009 to the present regarding any outreach to, agreements
(whether formal or informal) with, or communications by DHS and ICE with state driver's license agencies
regarding identification of driver's license applicants or driver's license holders for immigration
enforcement purposes.

4. DHS and ICE records from January 1, 2009 to the present regarding reporting by employees or agents of
state driver's license agencies (both governmental and non governmental) to DHS and ICE of persons who
are applying for or have been issued a driver's license and whom the employees or agents suspect of lacking
federal authorization to be present in the United States.  Your request was received in this office on April
28, 2014.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in
processing your request.  Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, the Department
processes FOIA requests according to their order of receipt. Although DHS' goal is to respond within 20
business days of receipt of your request, the FOIA does permit a 10-day extension of this time period. As
your request seeks numerous documents that will necessitate a thorough and wide-ranging search, DHS will
invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. § 552(a)(6)(B). If you care to
narrow the scope of your request, please contact our office.  We will make every effort to comply with your
request in a timely manner; however, there are currently 1252 open requests ahead of yours.

Provisions of the Act allow us to recover part of the cost of complying with your request. We shall charge
you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial
requesters. As a non-commercial requester you will be charged 10-cents a page for duplication, although
the first 100 pages are free, as are the first two hours of search time, after which you will pay the quarter-
hour rate ($4.00, $7.00, $10.25) of the searcher. We will construe the submission of your request as an
agreement to pay up to $25.00.  You will be contacted before any further fees are accrued.

We have queried the appropriate program offices within ICE for responsive records.  If any responsive
records are located, they will be reviewed for determination of releasability.  Please be assured that one of
the processors in our office will respond to your request as expeditiously as possible.  We appreciate your
patience as we proceed with your request.

Your request has been assigned reference number **2014FOIA16276**.  Please refer to this identifier in any
future correspondence.  You may contact this office at (866) 633-1182.  Our mailing address is 500 12th
Street, S.W., Stop 5009, Washington, D.C. 20536-5009.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

88

U.S. Department of Homeland Security
Washington, DC 20536



**U.S. Immigration and Customs Enforcement**

April 30, 2014

KAREN TUMLIN
NATIONAL IMMIGRATION LAW CENTER
3435 WILSHIRE BLVD, STE. 2850
LOS ANGELES, CA  90010

Re: 2014FOIA16276

Dear Ms. Tumlin:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the
U.S. Immigration and Customs Enforcement(ICE), dated April 24, 2014, and to your request for a waiver of
all assessable FOIA fees.  Your request was received in this office on April 28, 2014.  Specifically, you
requested records pertaining to information sharing between state driver's license agencies and DHS or ICE
for immigration enforcement purposes.

The issue is not just limited to states that issue licenses regardless of immigration status. ICE has expressed a
broader intention to obtain and use state driver's license records and data for purposes of immigration
enforcement. E-mails obtained through a Freedom of Information Act
request by the ACLU of North Carolina, indicate that the ICE Atlanta office proposed a plan in 2012, that
ICE "HQ" ordered be implemented, to:
Reach out to the Investigations Division of each state's Department of Motor Vehicles/Driver's Services
Bureau to determine if:
1. A photo scrub for duplicate photos with different biographic information on file can be conducted and a list
of results provided to ERO;
2. A list of denied driver license applications (focusing on those with insufficient proof of residency) can be
provided to ERO;
3. A list of temporary driver licenses issued to foreign-born applicants can [sic] provided to ERO;
4. A list of any other applications containing indicators of fraud can be obtained

Request disclosure of records that were prepared, received, transmitted, collected and/or maintained by DHS
and ICE relating or referring to information sharing between state driver's license agencies (both
governmental and non-governmental) and ICE for immigration
enforcement purposes. These records include, but are not limited to:
1. DHS and ICE records from January I, 2009 to the present regarding the criteria, mechanisms, and process

for ICE to gain access to or use state driver's license databases or records for immigration enforcement purposes.

2. DHS and ICE records, including but not limited to records concerning the National Law Enforcement Telecommunications System (NLETS), from January 1, 2009 to the present regarding the criteria, mechanisms, and process for DHS and ICE to obtain state driver's license records of individual driver's license applicants or license holders for immigration enforcement purposes.

3. DHS and ICE records from January I, 2009 to the present regarding any outreach to, agreements (whether formal or informal) with, or communications by DHS and ICE with state driver's license agencies regarding identification of driver's license applicants or driver' s license holders for immigration enforcement purposes.

4. DHS and ICE records from January 1, 2009 to the present regarding reporting by employees or agents of state driver's license agencies (both governmental and non governmental) to DHS and ICE of persons who are applying for or have been issued a driver's license and whom the employees or agents suspect of lacking federal authorization to be present in the United States.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request.  Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, the Department processes FOIA requests according to their order of receipt.  Although DHS' goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10-day extension of this time period.  As your request seeks numerous documents that will necessitate a thorough and wide-ranging search, DHS will invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. § 552(a)(6)(B).  If you care to narrow the scope of your request, please contact our office. We will make every effort to comply with your request in a timely manner; however, there are currently 1252 open requests ahead of yours.

As it relates to your fee waiver request, I have reviewed your letter thoroughly and have determined that you have not presented a convincing argument that NATIONAL IMMIGRATION LAW CENTER is entitled to a blanket waiver of fees.

The DHS FOIA Regulations, 6 CFR § 5.11(k)(2), set forth six factors to examine in determining whether the applicable legal standard for a fee waiver has been met.  We will consider these factors in our evaluation of your request for a fee waiver:

> (1) Whether the subject of the requested records concerns "the operations or activities of the government;"
> (2) Whether the disclosure is "likely to contribute" to an understanding of government operations or activities;
> (3) Whether disclosure of the requested information will contribute to the understanding of the public at large, as opposed to the individual understanding of the requestor or a narrow segment of interested persons;

license records of individual driver's license applicants or license holders for immigration enforcement purposes.

3. DHS and ICE records from January 1, 2009 to the present regarding any outreach to, agreements (whether formal or informal) with, or communications by DHS and ICE with state driver's license agencies regarding identification of driver's license applicants or driver' s license holders for immigration enforcement purposes.

4. DHS and ICE records from January 1, 2009 to the present regarding reporting by employees or agents of state driver's license agencies (both governmental and non governmental) to DHS and ICE of persons who are applying for or have been issued a driver's license and whom the employees or agents suspect of lacking federal authorization to be present in the United States.  Your request was received in this office on April 28, 2014.

As it relates to your request for expedited treatment, your request is denied.

Under the DHS FOIA regulations, expedited processing of a FOIA request is warranted if the request involves "circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual," 6 C.F.R. § 5.5(d)(1)(i), or "an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information," 6 C.F.R. § 5.5(d)(l)(ii).  Requesters that seek expedited processing must submit a statement explaining in detail the basis for the request, and that statement must be certified by the requester to be true and correct.  6 C.F.R. § 5.5(d)(3).

Your request for expedited processing is denied because you do not qualify for either category. You failed to demonstrate a particular urgency to inform the public about the government  activity involved in the request beyond the public's right to know about government activity generally.  Your letter was conclusory in nature and did not present any facts to justify a grant of expedited processing under the applicable standards.

If you deem the decision to deny expedited treatment of your request an adverse determination, you may exercise your appeal rights.  Should you wish to do so, you must send your appeal and a copy of this letter within 60 days of receipt of this letter to:  Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528, following the procedures outlined in Subpart A, Section 5.9, of the DHS Regulations.  Your envelope and letter should be marked "Freedom of Information Act Appeal."  Copies of the DHS regulations are available at:  www.dhs.gov/foia.

We will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.

We have queried the appropriate component of ICE for responsive records.  If any responsive records are located, they will be reviewed for determination of releasability.  Please be assured that one of the processors in our office will respond to your request as expeditiously as possible.  We appreciate your patience as we proceed with your request.

Your request has been assigned reference number **2014FOIA16276'**.  Please refer to this identifier in any future correspondence.

You may contact this office at (866) 633-1182.  Our mailing address is 500 12th Street, S.W., Stop 5009, Washington, D.C. 20536-5009.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

# Exhibit C



NATIONAL
IMMIGRATION
LAW CENTER

June 27, 2014

*By Fax and UPS Next Day Air*

Associate General Counsel (General Law)
U.S. Department of Homeland Security
245 Murray Lane SW, Mailstop 3650
Washington, D.C. 20528
Fax: 202-282-9822

**RE: Freedom of Information Act Appeal-2014FOIA16276**

Dear Madam or Sir:

This is an appeal under the Freedom of Information Act ("FOIA") 5 U.S.C. § 552(a)(6). On April 24, 2014, pursuant to the FOIA, the National Immigration Law Center ("NILC"), the Requester, requested disclosure of Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE") records relating to information sharing between state driver's license agencies and ICE for immigration enforcement purposes. A copy of the initial FOIA request is attached hereto as Exhibit A.

On April 30, 2014, DHS or ICE mailed three separate letters (attached together as Exhibit B) informing us that it had received our FOIA request and denied our requests for a fee waiver, fee reduction, and expedited processing of this FOIA request.

We hereby file an appeal of the denial of our request for a full waiver of fees, the denial of our request for a fee reduction, and the denial of our request for expedited processing. Requesters expressly reserve all rights with respect to the original FOIA request and this appeal. This appeal should not be construed to limit the original FOIA request in any way.

www.nilc.org

**LOS ANGELES (Headquarters)**
3435 Wilshire Blvd., Suite 2850
Los Angeles, CA 90010
213 639-3900
213 639-3911 fax

**WASHINGTON, DC**
1121 14th Street, NW, Suite 200
Washington, DC 20005
202 216-0261
202 216-0266 fax

94

Freedom of Information Act Appeal - 2014FOIA16276
June 27, 2014
Page 2 of 9

**Fee Waiver**

We appeal the denial of our blanket waiver of fees requested pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). The public interest benefit test for fee waiver provisions of the FOIA is to be "liberally construed" in favor of the requester. *See Federal CURE v. Lappin*, 602 F. Supp. 2d 197, 200 (D.D.C. 2013); *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003); *National Treasure Employees Union v. Griffin*, 811 F.3d 644, 649 (D.C. Cir. 1987); *Lybarger v. Cardwell*, 577 F.2d 764 (1st Cir. 1978). This test has been "consistently associated with requests from journalists, scholars, and non-profit public interest groups" whom it was intended to benefit. *Etlinger v. FBI*, 596 F. Supp. 867, 872 (D. Mass 1984).

Requester, a non-profit national advocacy organization, meets the applicable standard under 6 CFR § 5.11(k)(2)and is entitled to a blanket waiver of fees. The information requested will significantly advance the understanding of a "reasonably broad audience of persons interested in the subject" as distinguished from the "individual understanding of the requestor" or a "narrow segment of interested persons" since the subject matter of the request concerns "the operations or activities of the government." *Id.* Requesters seek records relating to core activities of the government regarding access to and use of state driver's license records in immigration enforcement.

In a letter dated April 30, 2014, FOIA Officer Catrina M. Pavlik-Keenan stated that FOIA officers will consider the following factors in evaluating our request for a fee waiver pursuant to 6 CFR § 5.11(k)(2):

> "(1) Whether the subject of the requested records concerns 'the operations or activities of the government;'
> (2) Whether the disclosure is 'likely to contribute' to an understanding of government operations and activities;
> (3) Whether disclosure of the requested information will contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons;
> (4) Whether the contribution to public understanding of government operations or activities will be 'significant;'
> (5) Whether the requester has a commercial interest that would be furthered by the requested disclosure; and
> (6) Whether the magnitude of any identified commercial interest to the requester is sufficiently large in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requester."

Freedom of Information Act Appeal - 2014FOIA16276
June 27, 2014
Page 3 of 9

Exhibit B.  In her letter, FOIA Officer Pavlik-Keenan concluded that NILC did not meet factors 3, 4, 5, and 6 of the DHS FOIA Regulations pursuant to 6 CFR § 5.11(k)(2). However, this FOIA request clearly meets all applicable legal standards for a fee waiver.

First, this request meets factors 3 and 4 of the DHS FOIA Regulations because this disclosure will provide "significant" contributions to the "understanding of the public at large."  *See* 6 CFR § 5.11(k)(2).  The contention that disclosure of this information will only contribute to the understanding "of a narrow segment of interested persons" is mistaken.  The information will significantly advance the understanding of this topic to the general public.  Through its website and free publications, NILC distributes publicly a wide range of information relating to current employment and immigration issues.  Public education is a cornerstone of NILC's work, as we have dedicated staff and resources that constantly produce and revise fact sheets, reports, and information briefs.  Further, NILC has a public website that receives nearly 6,500 visits per day, and many of the visitors to our website actively download our reports, brochures, and fact sheets.  These visitors make up a diverse population, including individuals, legal service providers, researchers, and policy analysts.  Information obtained through this FOIA request will be made available to the general public and will further the understanding of a wide and varied audience.

There has been increasing public interest in ICE's use of state driver's license records and data for purpose of immigration enforcement, and the disclosure of this information would significantly contribute to the public's understanding of government operations. *See Immigration Tactics Aimed at Boosting Deportations*, USA Today, (February 17, 2013); *ICE's Latest Stop for Deportations: The DMV*, The Nation, (February 17, 2013). There also has been an increased amount of public interest in noncitizen access to driver's licenses and the implications of these policies.  *See* Richard Winton, Hector Becerra & Kate Mather, *Driver's Licenses for Undocumented Immigrants Stir Debate*, Los Angeles Times, (September 13, 2013); Mike Debonis, *Illegal Immigrants Can Soon Apply for D.C. Driver's Licenses*, The Washington Post, (April 18, 2014); Kari Ottavio, *Deferred Action for Childhood Arrivals: Why Granting Driver's Licenses to DACA Beneficiaries Makes Constitutional and Political Sense*, 72 Md. L. Rev. 931, (2013); Vallerye Mosquera, *Driving While Undocumented: Chapter 524 Allows Undocumented Immigrants to Apply for California Driver's Licenses*, 45 McGeorge L. Rev. 617 (2014); Tung Sing Wong, *Branded to Drive: Obstacle Preemption of North Carolina Driver's*

Freedom of Information Act Appeal - 2014FOIA16276
June 27, 2014
Page 4 of 9

*Licenses for DACA Grantees*, 37 Hamline L. Rev. 81 (2014); Maria Pabon Lopez, *More Than a License to Drive: State Restrictions on the Use of Driver's Licenses by Noncitizens*, 19 S. Ill. U. L.J. 91 (2005).

Currently, many immigrants fear that information sharing between the Department of Motor Vehicles ("DMV") in their state and ICE could lead to immigration enforcement against individuals who possess valid driver's licenses or driving privilege cards. At community meetings in California hosted by the Department of Motor Vehicles, numerous participants expressed fear that the new licenses could be used to deport them.[1] As a Nevada Department of Motor Vehicles spokesman said regarding the new Nevada law, "There is a high level of distrust...People were convinced that no matter what we were saying, once we had them in our system, we would pass their information on and someone would be there to round them up."[2] The fear that the DMV may coordinate with ICE and share personal information of license applicants could prevent individuals from seeking driver's licenses to which they are legally entitled.

This fear has become further heightened by emails recently obtained through a FOIA request by the ACLU of North Carolina indicating that the ICE Atlanta office proposed a plan in 2012 for ICE "HQ" to reach out to each state's Department of Motor Vehicles/Driver's Services Bureau to obtain records of denied driver's license applications and temporary licenses issued to foreign-born applicants.[3] Though ICE has denied implementing this plan,[4] uncertainty over information sharing between ICE and state DMVs continues to exist. ICE and DHS have not yet released any reports or disclosures regarding under which circumstances state driver's license records and data are obtained and used. This information is of great interest to the public at large but is not currently available in the public domain.

Releasing the requested information would increase the public understanding of interactions between ICE and state DMVs. If there is information sharing between ICE and state driver's license agencies, noncitizens will benefit from the increased transparency with respect to these governmental activities and will be able to make more informed decisions about whether to seek a driver's license. If there is no information sharing between the governmental agencies, or only limited sharing in certain

---

[1] Ian Lovett, *California Driver's License Program Hits an Unexpected Hurdle*, THE NEW YORK TIMES (March 4, 2014), http://www.nytimes.com/2014/03/05/us/california-drivers-license-program-hits-an-unexpected-snag.html.
[2] *Id.*
[3] Brad Heath, *Immigration Tactics Aimed at Boosting Deportations*, USA TODAY (Feb. 17, 2013), http://www.usatoday.com/story/news/nation/2013/02/15/immigration-criminal-deportation-targets/1919737/.
[4] Brad Heath, *ICE Says It Never Acted on Plans to Mine Driver Records*, USA TODAY (Feb 15, 2013), http://www.usatoday.com/story/news/nation/2013/02/15/immigration-deportation-tactics/1923931/.

Freedom of Information Act Appeal - 2014FOIA16276
June 27, 2014
Page 5 of 9

circumstances, more noncitizens will feel free to seek driver's licenses, enhancing public safety for citizens and noncitizens alike.  By resolving the current public confusion with respect to these information sharing policies, the requested disclosure would help address lingering misinformation about the relationship between ICE and state driver's license agencies and would foster greater trust of the government, especially among non-citizens. A significant number of people may benefit from the requested disclosure.  In California alone, an estimated 1.4 million persons are expected to be eligible to apply for driver's licenses under a newly enacted law providing access to a driver's license to eligible applicants, regardless of immigration status.[5]  However, many of these individuals are concerned about the risk that they will be targeted by immigration authorities and may not apply for valid state driver's licenses as a result,  undermining the public safety goals of the legislation.

Second, the initial request clearly meets factors 5 and 6 of the FOIA regulations because NILC does not have a commercial interest in the requested disclosure.  In our initial FOIA request dated April 24, 2014, NILC stated the following:

> "It is NILC's intent to synthesize and disseminate the information produced by this FOIA request in a manner that is accessible without charge to a broad public audience.  NILC has synthesized and disseminated information from FOIA requests in the past to facilitate the sharing of this information with a broad public audience. *See* Deportation Without Due Process, report by NILC, Western State Immigration Clinic & Stanford Law School Immigrants' Rights Clinic summarizing 20,000 pages of FOIA documents, available at http://nilc.org/pubs.html.
>
> The records requested are not sought for commercial use, and the Requester, a non-profit organization, plans to disseminate the disclosed information to the public at no cost. *See* 6 C.F.R. § 5.11(k)."

NILC is a nonprofit national legal advocacy organization that engages in policy analysis, advocacy, education, and litigation to promote and advance the rights of low-income immigrants and their families.  NILC does not seek these FOIA disclosures with the hopes of furthering any commercial interest but rather requests this information with the goal of furthering public education on this topic.  NILC plans to post at least a summary of the information obtained through this FOIA request on its website and to share

_____

[5] Lovett, supra note 1.

Freedom of Information Act Appeal - 2014FOIA16276
June 27, 2014
Page 6 of 9

information synthesized from the FOIA disclosures with national print and news media interested in the content.

Moreover, the National Immigration Law Center is routinely granted fee waivers by government agencies. In fact, our last two requests for fee waivers to DHS-ICE were granted (2013-HQFO-00730 and 2013-HQFO-00907). Thus, we ask that you reconsider our request for a total waiver of fees associated with this FOIA request.

## Fee Reduction

A fee reduction is warranted when "records are not sought for commercial use and the request is made by… a representative of the news media…" 5 U.S.C. § 552(a)(4)(A)(ii)(II). This FOIA request is not made for commercial use of the requested records. The requester intends to synthesize the information received through this request and will make the information accessible to a broad audience. NILC is a non-profit organization and has no commercial interests in the information sought by the FOIA request.

Moreover, NILC is considered "a representative of the news media" for purposes of a fee reduction. NILC often serves as the primary reporter to the public on issues pertaining to immigration enforcement and government policies, and that is especially true with respect to immigrants' access to driver's licenses. *See, e.g.*, Tanya Broder et al., *Inclusive Policies Advance Dramatically in the States: Immigrant's Access to Driver's Licenses, Higher Education, Worker's Rights and Community Policing* (October 2013); Karen Tumlin et al., *A Broken System: Confidential Reports Reveal Failure in U.S. Immigration Detention Centers* (July 2009); NILC, *Release of Customs and Border Protections Report a Good First Step Towards Transparency* (May 30, 2014); NILC, *Immigrant Families Will Not Be Penalized for Affordable Care Act Glitches* (March 27, 2014); *see also* http://www.nilc.org/newsreleases.html (for a repository of news releases created by NILC). Furthermore, as a non-profit legal advocacy organization, NILC is the type of non-profit that is routinely considered a representative of the news media with regards to fee reductions for FOIA requests. *See, e.g., ACLU of Washington v. Dept. of Justice*, 2011 WL 887731, *10 (W.D. Wash. 2011).

## Expedited Processing

Expedited processing is appropriate for this request because there is "an urgency to inform the public about an actual or alleged federal government activity" by an

Freedom of Information Act Appeal - 2014FOIA16276
June 27, 2014
Page 7 of 9

organization "primarily engaged in disseminating information."  5 U.S.C. § 552(a)(6)(v)(II).

The possibility that state driver's license records could be used for immigration enforcement could discourage eligible persons from applying for driver's licenses, constituting an "urgency to inform the public" about this government activity.  Disclosure of information regarding ICE's use of state driver's license records is particularly urgent because this information implicates issues of public safety.  The fear of immigration consequences could result in eligible drivers not seeking out valid driver's licenses, undermining public safety.  Law enforcement officials across the country have been vocal in supporting driver's licenses for individuals regardless of immigration status and have cited public safety concerns associated with denying or otherwise limiting access to driver's licenses among noncitizens.[6]  State legislatures have also determined that the provision of driver's licenses to individuals regardless of immigration status is essential to preserving public safety.[7]  The misinformation, fear, and distrust stemming from the lack of public information regarding the activities of ICE and the DMV could reduce the positive impact of recent legislation aimed at increasing access to driver's licenses.

Furthermore, the requested records are urgently needed to inform the current national debate.  States increasingly allow all of their eligible residents to seek driver's licenses regardless of immigration status.  As of 2014, eleven states, the District of Columbia, and Puerto Rico have passed laws that would make driving privileges available to residents regardless of their status.[8]  In most states, the licenses issued to the newly eligible immigrants will be distinguishable from the standard driver's licenses.[9]  This has caused some concerns among immigrant communities that law enforcement officials and others will make assumptions about their citizenship or immigration status if they present these

---

[6] Letter from George Gascon, former police chief and current district attorney of San Francisco, to Governor of California Jerry Brown (August 27, 2013) *available at* http://www.nilc.org/DLaccesstoolkit4a html;  Letter from Salem Chief of Police Paul F. Tucker, to Senator McGee and Representative Straus (February 3, 2014) *available at* http://www.nilc.org/DLaccesstoolkit4a.html; Letter from Portland Chief of Police Michael Reese to Frank Garcia of the Oregon Governor's Office (April 10, 2013) *available at* http://www.nilc.org/DLaccesstoolkit4a.html; Tyler Moran, *Driver's Licenses for All Immigrants: Quotes from Law Enforcement*, NATIONAL IMMIGRATION LAW CENTER (October 2004), http://www nilc.org/driverlicenses.html.
[7] See, e.g., Section 1 of AB 60, (Ca. 2013). http://www.leginfo.ca.gov/pub/13-14/bill/asm/ab_0051-0100/ab_60_bill_20130912_amended_sen_v93.pdf; Patrick McGreevy, *19 members of Congress urge approval of driver's license design*, LOS ANGELES TIMES, (May 12, 2014). http://www.latimes.com/local/political/la-me-pc-19-members-of-congress-call-on-feds-to-approve-drivers-license-design-20140512-story html.
[8] Gilberto Soriano Mendoza, *States Offering Driver's Licenses to Immigrants*, NATIONAL CONFERENCE OF STATE LEGISLATURES (April 2014), http://www ncsl.org/documents/immig/DL_Enacted_TableApril2014.pdf.
[9] *Id.*

licenses.[10]  Advocates worry that these licenses may pave the way for discriminatory practices by law enforcement or may cause license-holders to become vulnerable for selective enforcement of immigration laws.[11]  Because a majority of these state laws have gone into effect in the past year or are expected to go into effect later by early 2015,[12] public discussions about the possible use of driver's license records by ICE are recently beginning to take place.  The requested disclosures would significantly improve the public's ability to learn more about these new laws and to engage in informed discussions over these new license provisions.  In fact, with the Colorado driver's license bill going into effect in August and the Connecticut bill going into effect in January,[13] this request has become particularly urgent.  The requested information is urgently needed to allow individuals to exercise their legal rights under state law.

NILC qualifies as an organization "primarily engaged in disseminating information."  5 U.S.C. § 552(a)(6)(v)(II).  NILC has the capacity, intent and legal expertise to review, analyze, and synthesize the requested information and make it accessible to a broad public audience at no cost.  NILC uses many approaches in disseminating information for the public's benefit, including sharing information with local, regional, and national media through press releases and media interviews, publishing reports and memoranda through interest websites and email to individuals and organizations working on immigration issues, and creating and disseminating materials to educate the public about federal immigration laws and policies.  NILC's website receives nearly 6,500 visits per day, and many visitors actively download our reports, brochures, and fact sheets.

We look forward to a timely written response within twenty (20) working days as required by statute.  5 U.S.C. § 552(a)(6)(A)(ii).

---

[10] See, e.g., Tung Sing Wong, *Branded to Drive: Obstacle Preemption of North Carolina Driver's Licenses for DACA Grantees*, 37 HAMLINE L. REV. 81 (2014).
[11] *Id.*
[12] Jen Riddle, *States Continue to Expand Immigrant Access to Driver's Licenses*, CATHOLIC LEGAL IMMIGRATION NETWORK, INC. (2013), https://cliniclegal.org/resources/newsletter/states-continue-expand-immigrants-access-drivers-licenses.
[13] *Id.*

Freedom of Information Act Appeal - 2014FOIA16276
June 27, 2014
Page 9 of 9

If you have any questions, please contact me at tumlin@nilc.org or 213-674-2850.
Thank you for your consideration of this appeal.

Sincerely,

/s/ Karen C. Tumlin
Karen C. Tumlin

Managing Attorney
NATIONAL IMMIGRATION LAW CENTER

KCT:ba

cc: Catrina M. Pavlik-Keenan
Tanya Broder, Esq.
Joan Friedland, Esq.